THOMAS E. DILLON ET AL., Plaintiffs in Error, v. CHARLES L. HUNT, Defendant in Error.

December 6, 1881.

1. Every owner of fixed property must so use his property as not to create a nuisance, or work a trespass upon the property of adjacent owners.

2. Where a proprietor undertakes to do that upon his land which is in its nature dangerous to adjacent proprietors, he must use reasonable care to work no trespass upon their possession, and it is immaterial, in such a case, whether the work be done by the proprietor or by an independent contractor.

3. A petition which states that certain walls upon land owned by and in possession of the defendant, were left standing in a dangerous condition, and were a dangerous nuisance; that it was the defendant's duty to remove the walls; that he permitted certain persons to go upon his premises for the purpose of removing the walls; that he had good reason to know that these persons intended to adopt a dangerous method of removal; that this dangerous method was adopted, and he knowingly permitted them to proceed with the work of removal by that process;

that these persons, negligently and unskilfully pursuing this method, caused a part of the walls to fall upon the adjacent premises, leased and occupied by the plaintiff, thus injuring his goods therein stored, states a good cause of action.

Error to the St. Louis Circuit Court, Thayer, J.

*Reversed and remanded.*

J. D. Johnson and C. M. Napton, for the plaintiffs in error.

B. R. Davenport, for the defendant in error.

Thompson, J., delivered the opinion of the court.

The only question we have to consider in this case is, whether the petition states a cause of action. It states that, at the dates hereinafter mentioned, the plaintiffs were the lessees and occupiers of a store-room in which they had a stock of goods, and that the defendant was the owner of an adjoining building five stories high. It then continues as follows : —

" Plaintiffs further state that on or about the fourteenth day of November, 1877, the interior and combustible portion of said building, owned by defendant as aforesaid, were destroyed by fire, and certain interior and exterior brick walls and chimneys were left standing ; that from the time of said fire until the seventeenth day of November, 1877, said walls and chimneys were, as the defendant then and there well knew, in an unsafe, insecure, and dangerous condition, and were a nuisance, and liable at any time to fall over and upon adjoining premises, and cause injury to the person and property of others ; that the defendant was then and there in possession of said premises and the said walls and chimneys situated thereon, and had full and exclusive control and direction thereof ; that on or about the seventeenth day of November, 1877, said defendant allowed and permitted certain persons to enter upon said premises for the purpose of removing said walls and chimneys and abating said nuisance, and said persons tore down

said walls, and in so doing negligently and unskilfully pushed, or threw, or caused the same or portions thereof to fall over and upon the said house occupied by the said plaintiffs as aforesaid, thereby crushing and destroying said house and covering the said chattels contained therein with the *debris* thereof, and of the said walls and chimneys; that the defendant knowingly and negligently suffered and permitted said persons to go upon his said premises and tear down said walls and chimneys, and that their action enured to his benefit, and that it was the duty of the said defendant to abate said nuisance and remove said walls and chimneys in a proper manner and without detriment to another. And plaintiffs aver that said defendant either knew, or had good reason to know, that said persons who undertook to tear down said walls intended to adopt, and did adopt, an improper, unsafe, and dangerous method of removing and tearing down the same, and, nevertheless, said defendant, wholly neglecting his duty as the owner of said premises as aforesaid, knowingly permitted said work to be proceeded with, with the result aforesaid.''

It is clear that this petition states a good cause of action. Every owner of fixed property is under a general duty to so use his property as not to create a nuisance, or work a trespass upon the property of adjacent owners, or endanger persons passing upon the adjacent highway, or who may come upon his premises lawfully or by his invitation, express or implied. There are some cases in which this duty may be discharged by delegating it to others, as to a tenant, or to a contractor employed at work upon the premises. But these are exceptions to the general rule; and it follows that, if a petition counts upon a breach of this general duty of a proprietor, it will be good upon demurrer, and if the injury arose in any of the exceptional cases, that will be matter of defence to set up by way of answer.

Where a proprietor undertakes to do something upon his land which, however necessary to be done, is in its nature

dangerous to adjacent proprietors, he is under an obligation to them to use reasonable care to have it so "done that it shall not work a trespass upon their possession ; and in such a case it is wholly immaterial whether the work is done by the proprietor himself, or by an independent contractor employed by him to do it, or whether he suffers it to be done by a bare licensee. In such a case the proprietor, by reason of authorizing or permitting the work so to be done, becomes a co-trespasser with the immediate actor ; and he is liable, not strictly by reason of negligence, but as a principal trespasser. Thus, if a railway company contract to have a certain excavation made by blasting rock, and the contractor, in blasting the rock, throws fragments against an adjoining building, the proprietor is entitled to recover damages of the company as a principal trespasser. *Carman* v. *Steubenville*, 4 Ohio St. 399. And see *Hay* v. *Cohoes Co.*, 2 N. Y. 159 ; *Tremain* v. *Cohoes Co.*, 2 N. Y. 163. In like manner, if a proprietor employs an independent contractor to do something upon his land which, however carefully done, is *likely to lead to mischief*, he remains under a personal obligation to foresee such mischief, and to take precautions against it. Lord Colonsay, in *Daniel* v. *Railroad Company* (L. R. 5 H. L. Cas. 63). Accordingly, where a proprietor erected upon his land a reservoir of water which, by percolating through the subjacent strata, flooded certain mines of the plaintiff, he was held liable to pay damages, although the reservoir had been constructed by a competent engineer. *Rylands* v. *Fletcher*, L. R. 3 H. L. 330. So, where a proprietor employed a contractor to tear down and rebuild his house, committing the entire work to him, and the contractor assumed the risk of supporting the wall of an adjoining building, which was entitled to support from the house of the former proprietor, and the house of the latter proprietor was injured through the negligence of the contractor, it was held, in an able judgment by Lord Cockburn, C. J., that the former

proprietor was answerable to him in damages. *Bower* v. *Peate*, 1 Q. B. Div. 321. The same result, upon similar facts, was reached by the court of appeals of Maryland, in *Brown* v. *Werner* (40 Md. 15). The supreme court of the United States, in a case twice before it, upon the same principle, held a proprietor, liable for an injury happening to a traveller by falling into an excavation in the street, which had been negligently left unguarded by a contractor who was prosecuting the work of erecting a building for the proprietor. *Robbins* v. *Chicago*, 5 Wall. 667, 678; *Chicago* v. *Robbins*, 2 Black, 418. Another case, more like the present in its facts, was that where a proprietor suspended a lamp over a sidewalk, and permitted its fastenings to become decayed, so that it was knocked down by a contractor in repairing it. Here the proprietor was liable for damages to the traveller, although the contractor was not his servant, and he himself had been guilty of no personal negligence. *Farry* v. *Ashton*, 1 Q. B. Div. 314.

These cases are sufficient to illustrate the general rule. There is nothing in the decisions of our supreme court, or of this court, with reference to the non-liability of a proprietor for the negligence of an independent contractor, which necessarily impugns this rule. The plaintiffs' petition brings their case fairly within it. It avers a duty on the part of the proprietor to remove the walls and chimneys which, left standing, were a dangerous nuisance. It avers that he suffered certain persons to go upon his premises for this purpose; that he knew, or had good reason to know, that they intended to adopt a dangerous method for the accomplishment of this purpose; and it finally asserts that they did adopt this method, in consequence of which the walls were thrown upon the house occupied by the plaintiffs, crushing it in, and injuring the goods of the plaintiffs. It is, therefore, good within the rule of the foregoing cases, both in the aspect of trespass and of negligence. If the defendant knew that what these persons were about to

do, and did do, was likely to lead to the result which is alleged to have ensued, then if such a result did ensue, he is liable as a principal trespasser; if he knew that it was dangerous, and neglected to take measures to prevent the danger, he is at least liable on the principle of negligence. It is for him to traverse the petition, or to plead facts which will in law operate to excuse him from responsibility for the damage which is alleged to have happened to the plaintiffs.

The judgment is reversed and the cause remanded. Judge BAKEWELL concurs; Judge LEWIS is absent.