BLUMB, *by Guardian*, v. THE CITY OF KANSAS, *Appellant.*

City : STREET IMPROVEMENT : BLASTING : RESPONDEAT SUPERIOR.    A city is not liable for injuries received by one resulting from blasting of rock done by a contractor in necessary performance of his contract for the improvement of a street, and this is true, notwithstanding the city had reserved the right to annul the contract or suspend work under it, whenever, in the judgment of the city engineer, there was good reason for doing so, and, although the contract also made it obligatory upon the contractor to discharge any workmen, engaged upon the work, who should disobey any direction of the city engineer as to the workmanship, or material used, or expended upon the work.

*Appeal from Jackson Circuit Court.*—HON. T. M. GILL, Judge.

REVERSED.

*Wash Adams* and *R. H. Field* for appellant.

(1) There was no privity whatever between the city and the servants of the contractor, and hence it is not liable for their acts. *Kelly v. Mayor*, 11 N. Y. 433; *McCafferty v. R. R.*, 61 N. Y. 178; *Joliet v. Seward*, 86 Ill. 402. (2) The city was not liable for the failure of the city engineer to suspend the doing of the work, though he might have done so if he saw fit to under the contract, because that was discretionary with the engineer. Dillon on M. C. (3d Ed.), sec. 949; *Edwards v. Ferguson*, 73 Mo. 686; *Schoettgen v. Wilson*, 48 Mo. 253. (3) The doctrine of *Welsch v. St. Louis*, 73 Mo. 71, and that class of cases, holding a city liable for injuries resulting from putting or leaving the street itself in a dangerous condition, is inapplicable to the case at bar. *Campbell v. Montgomery*, 53 Ala. 527; *Russell v. Columbia*, 74 Mo. 492.

*W. J. Scott* and *D. J. Haynes* for respondent.

(1) The city engineer had the general supervision of the work and was empowered by the terms of the contract to cause the discharge of workmen, to annul the contract or suspend the work whenever, in his judgment, there existed good cause therefor. (2) The city reserved the right to suspend the work, and it was its duty to do so whenever life or property were endangered by the manner in which the same was prosecuted. The city has exclusive control and power over its streets. Amended Charter of Kansas City, p. 13, sec. 1, paragraph 7; 2 Dillon on Mun. Corp., sec. 538. And having such control and power, it was its duty to keep its streets in a safe

condition, and failing in this duty, it became liable for all injuries resulting from this negligence. *The City of Logansport v. Dick, Adm'r'x, et al.,* 70 Ind. 80 ; *Loewer v. City of Sedalia,* 77 Mo. 443 ; *Russell v. Columbia,* 74 Mo. 480 ; *Staples v. Town of Canton,* 69 Mo. 592 ; *Bassett v. St. Joseph,* 53 Mo. 290; *Hull v. Kansas City,* 54 Mo. 598 ; *Blake v. St. Louis,* 40 Mo. 569. And the city cannot, by any contract it might make, avoid its liability to third persons for injury resulting from a breach of its duty in the care and control of its streets. *Logansport v. Dick, Adm'x, et. al.,* 70 Ind. 80 ; *Russell v. Columbia, supra; Mahanoy Township v. Scholly,* 84 Pa. St. 136 ; *Grove v. Fort Wayne,* 45 Ind. 429 ; *Mayor and Aldermen of Memphis v. Lasser,* 9 Humph. (Tenn.) 760 ; *Nashville v. Brown,* 9 Heisk. (Tenn.) 1 ; *Nashville v. Brown,* 24 Am. Rep. 289 ; *The Town of Centerville v. Woods,* 57 Ind. 192 ; *Blake v. St. Louis, supra;* 2 Dillon's Mun. Corp., sec. 791 ; *Detroit v. Corey,* 9 Mich. 165 ; *Storrs v. Utica,* 17 N. Y. 104; *Welsh v. St. Louis,* 73 Mo. 73 ; *Chicago v. Brophy,* 79 Ill. 277. And it makes no difference that the city was compelled to or did let the work to the lowest bidder. 2 Dillon on Mun. Corp. 791 ; *Detroit v. Corey, supra.* The position of the injured party is of no consequence ; the question is, whether the injury resulted from a neglect of duty on the part of the city. *Kiley v. City,* 69 Mo. 108 ; *Bassett v. St. Joseph,* 53 Mo. 290 ; *McGary v. Loomis,* 63 N. Y. 104.

HENRY, C. J.—This is an action to recover damages for an injury to plaintiff, from a blast made in constructing a sewer in the City of Kansas, by which a stone was thrown upon or against plaintiff. In 1881, the city let a contract to one O'Connell, to build a district sewer in Locust street, from Tenth to Twelfth street, to be paid for in special tax bills against property in that sewer district, and, in the course of constructing the sewer, it became necessary to remove, by blasting, rock that was encountered in the prosecution of the work, and it was in making a blast for that purpose that plaintiff received

the injury complained of. She recovered against the city a judgment for $2,000, from which the city has appealed. By the contract between the city and O'Connell, the former had the right to annul the contract or suspend work under it, at any time during its progress, whenever, in the judgment of the city engineer, there was good reason for doing so. It was also made obligatory upon O'Connell to discharge any workman engaged upon the work who should disobey any direction of the city engineer, as to the workmanship, or material used, or expended upon the work.

There was evidence to the effect that blasting is dangerous, but may be done by careful management, and is not necessarily dangerous. There was also evidence to the effect that the city engineer was notified by Mr. Mills, a citizen living in the vicinity, that the men engaged in the work were guilty of carelessness in making the blast, but that the city engineer took no steps to stop this careless blasting. He made no report of the fact to the city council, or remonstrance to O'Connell. On the foregoing facts the question of liability of the city to the plaintiff depends. The numerous cases cited by respondent's counsel, in relation to the duty of a city to keep its streets in a safe condition for public travel, have no application to the case at bar. The city was in the discharge of a duty in making this sewer, and the complaint here is, not that the plaintiff was injured by any defect in a street, but by the negligence, or carelessness of a contractor employed by the city to construct a work of public utility, in the performance of which she was injured by a stone, which, in blasting rock, was thrown against her.

The city had let the entire contract to construct the sewer to O'Connell. It had no control over the persons hired by him, except as stipulated in the contract—and that only went to the extent of obliging O'Connell to discharge any workman who should disobey any directions of the city engineer, as to the workmanship, or material used, or expended upon the work. It did not give the

engineer, or the city, the right to discharge them, and this permission had no reference to the manner of doing the work, but only to the workmanship, the character of the work, and the quality of the materials used. Certainly the mere reservation of the power to suspend the work, or annul the contract, did not make the city liable for negligence in the construction of the work. If there was good ground for either suspending the work, or annulling the contract, there is no evidence that the city was so informed by the city engineer. He, it is true, was notified that O'Connell's men were negligently making blasts, but that was not communicated by him to the city council as a sufficient reason in his judgment for suspension of the work, or cancellation of the contract. It cannot be declared as a matter of law, that for any negligence of O'Connell in the prosecution of the work it was the duty of the city to suspend it, or cancel the contract. No such right was reserved in the contract. The right reserved was to suspend the work, or annul the contract whenever, in the judgment of the city engineer, there was good reason for doing so.

The case of *Kelly v. The Mayor*, 11 N. Y. 433, in its main features is similar to this. A still stronger case, in the same line, is that of *McCafferty v. S. D. & P. M. R. R. Co.*, 61 N. Y. 180, where a railroad company let the contract to an individual to build its entire road, and the blasting complained of was done by men employed by a sub-contractor. The court observed : "Over these men the defendant had no control. It neither hired nor paid them, and could not control, direct, nor discharge them. Hence, the rule of *respondeat superior* applies, and the principal for whom the men were working, and by whom they were employed, and not the defendant, is liable for the damage done to plaintiff." Again the court remarks : "This is not a case where the defendant contracted for work to be done, which would necessarily produce the injuries complained of. They were caused by the unskilful and negligent manner in which the blasts

were conducted. The injuries were not occasioned in consequence of the omission of any duty which was incumbent on the defendant." These observations are applicable to the case at bar.

The *City of Logansport v. Dick Arner*, 70 Ind. 80, is an authority to the contrary, but in that case the court expressly recognizes the general rule of law to be, that "when the work contracted for was not a nuisance *per se*, the employer of the contractor for such work will not be liable to a third person for an injury, or death which results from the wrongful act or omission of such contractor, his servants, agents, or sub-contractors, in the performance of such work," and then proceeds to hold the city liable, on the ground of the exclusive power conferred upon it, involving a duty to keep its streets in a safe condition for use in the usual manner by travelers. In that, as in this case, the plaintiff was not injured by any defect on the street, but by being struck with a rock, thrown by blasting in the street for the purpose of laying down water pipes. That and this case are wholly unlike that of *Russell v. Columbia*, 74 Mo. 492, in which the doctrine of the liability of the city was carried as far as warranted by the authorities, and the case of *Mahanoy Township v. Scholley*, 84 Pa. St. 136, cited in support of his views by the learned judge who delivered the opinion in *Logansport v. Dick, supra*, does not sustain them.

There, under an act of assembly, "all control over the repairing of the public roads in Mahanoy township is put into the hands of a contractor," and the court uses the following language : "Has the township discharged its whole duty to the public, when it has contracted for the making and repairing of its roads ? This question is answered in the mere statement thereof. The affirmance of the proposition would be contrary to the express terms of the act itself ; for the supervisor is to inspect the making and repairing of the public roads at least once every month, and he is to be fully satisfied that the contracts have been fully complied with before the contractors

are paid for their work." The injury sued for in that case did not occur in the prosecution of the work of repairing the highway, but was a consequence of a defect in the highway, and the court distinguishes it from the case of *Painter v. Pittsburgh*, 10 Wright 213, "and others of that class, for the accident did not happen during the progress of the work, and whilst the contractor had the road in his exclusive control, but after it was turned over to the township as a finished job, and in proper repair." The language in quotations is that of the court.

The case of *Painter v. Pittsburgh*, *supra*, approved in that of *Mahanoy Township v. Scholley*, *supra*, held the city of Pittsburgh not liable to one who fell into an excavation in the street, made in the construction of a sewer by parties to whom the city had let the contract to build it. It was found that the negligence of the contractor, in not properly guarding the excavation, was the occasion of the plaintiff's injury. It is a case resembling the case of *Russell v. Columbia*, *supra*, only distinguishable from it in the fact, that the construction of sewers where needed was a public duty, and the excavation made by the contractors was not for a private corporation, which was to derive profit from the work, while the excavation made in the street of Columbia was made by a private corporation, for its own profit and gain, with the permission of the city. This also distinguishes the case of *Russell v. Columbia*, from that of *Barry v. St. Louis*, 17 Mo. 121, and cases of that class, with which it is not in conflict. The judgment of the circuit court is reversed and the cause remanded. All concur.