|113| 633|
|133| 554|
|134| 76|
|113| 633|
|73a| 329|
|75a| 244|
|113| 633|
|81a| 325|
|113| 633|
|85a| 436|
|86a| 82|
|113| 633|
|94a| ¹212|
|113| 633|
|177| ³446|

CRENSHAW, Administratrix, *et al.*, *Appellants*, v. ULLMAN.

### Division Two, January 31, 1893.

1. **Practice**: PARTIES: MISJOINDER. An objection for misjoinder of parties plaintiff should be made by answer, where it does not appear upon the face of the petition.

2. ———: ———: INJURIES TO FREEHOLD: DAMAGES. A woman who has the title to land may sue, in her own name and right after her husband's death, for injuries to the freehold by reason of defendant's causing her building to fall by excavating on the adjoining lot during her husband's lifetime, though she cannot recover for the loss of rents accruing in his lifetime without administering on his estate and suing in that capacity, and the administratrix of a co-owner of the property is properly joined with her for that purpose.

3. **Negligence**: EXCAVATION FOR BUILDING: INDEPENDENT CONTRACTOR. Where the owner of a lot, the title to which is in another, has made a contract with an independent contractor for the the latter to erect a building thereon, reserving no control over the contractor's servants, such lot owner is not answerable for the acts of such servants in so negligently excavating for the building as to injure a structure on the adjoining premises, and it is immaterial that the lot owner employed an agent to superintend the work and to see that the building contract was complied with.

4. ———: ———: TRESPASS. Where one not in actual possession of a strip of land, the title to which is in another, without the latter's consent, enters on such premises by his agents, and so excavates as to injure the building of an adjoining owner, he is liable therefor.

5. ———: ———: ———. It is immaterial in the latter case that the person who actually committed the injury was an independent contractor, where it appears that the work was done with the knowledge and consent of the defendant and for his use and benefit.

6. **Corporation de Facto**: CONVEYANCE. A transfer of land by a *de facto* corporation is valid as against all persons except the state.

### *Appeal from Greene Circuit Court.*

REVERSED AND REMANDED.

*B. U. Massey* and *Ethelbert Ward* for appellants.

(1) Fannie S. Crenshaw, as administratrix of the estate of L. A. D. Crenshaw, deceased, is the proper party to prosecute this suit commenced by L. A. D. Crenshaw in his lifetime. Revised Statutes, 1879, secs. 95, 96; *Wiener v. Peacock*, 31 Mo. App. 242; *Rogers v. Tucker*, 94 Mo. 346; *Kellogg v. Martin*, 62 Mo. 429. Answering to the merits, even after denying all the material allegations, waives the defect of parties plaintiffs. *Planing Mill v. Pres. Church*, 54 Mo. 520. (2) The second count of the plaintiffs' petition states facts sufficient to constitute a cause of action. Bliss on Code Pleading [2 Ed.] sec. 229; Green-Meyer on Pleading, secs. 717, 718, 1327; 1 Hilliard on Torts [1 Ed.] pp. 578–580; *Renshaw v. Lloyd*, 50 Mo. 368; *Ware v. Johnson*, 55 Mo. 500; *Brown v. Hartzell*, 87 Mo. 564; *Parker v. Shackelford*, 61 Mo. 68; *Austin v. Coal Mining Co.*, 72 Mo. 535. (3) D. C. Dade being the common source of title of both plaintiffs and defendant, the deed, passing from him down to plaintiffs, vests the legal title in plaintiffs. The validity of the transfer of property by or to a corporation *de facto* cannot be questioned in collateral proceedings. 2 Morawetz on Private Corporations [2 Ed.] secs. 707–711, p. 678, 692; *Society Perun v. Cleveland*, 43 Ohio St. 481; *Thompson v. Candor*, 60 Ill. 244; *Hudson v. Green Hall Seminary Corporation*, 113 Ill. 618. The Springfield Hotel Company was a corporation *de facto*. 2 Morawetz on Private Corporations [2 Ed.] 746, 777, and 778; *Thompson v. Candor*, 60 Ill. 244. (4) When the actual location of boundaries of land is disputed by conflicting testimony, it is a question of fact for the jury. *St. Louis v. Meyer*, 13 Mo. App. 367; *St. Louis v. Meyer*, 87 Mo. 276; *Ott v. Soulard*, 9 Mo. 581. (5)

To make one an independent contractor, there must be no stipulations as to the mode and manner of doing the work, only the result looked forward to. *Fink v. Furnace Co.*, 82 Mo. 276; *Hilsdorf v. St. Louis*, 45 Mo. 98; 2 Thompson on Negligence, sec. 2, p. 899. When control is retained over the manner and mode of doing the work, the contractor is not an independent contractor. *Cincinnati v. Stone*, 4 Ohio St. 42; *Schwartz v. Gilmore*, 45 Ill. 455; *Paint & Color Co. v. Conlon*, 92 Mo. 221; *Howe v. Newmarket*, 12 Allen, 49; Cooley on Torts, 546, *et seq;* 1 Shearman & Redfield on Negligence [4 Ed.] secs. 165, 169; *Railroad v. Hanning*, 15 Wall. 649. (6) One cannot, by any contract with an independent contractor, relieve himself of the responsibilities and duties devolving upon him as the owner of real estate not to do or suffer anything to be done on his property so as to injure others; so that the employer is liable for the acts or negligence of the independent contractor, where the act or negligence which occasioned the injury results directly from the work which the independent contractor agrees or is authorized or directed by the employer to do. 1 Parsons on Contracts [7 Ed.] 107; Cooley on Torts, 546–548; 1 Shearman & Redfield on Negligence [4 Ed.] sec. 174; *Water Co. v. Ware*, 16 Wall. 568; *Hughes v. Railroad*, 39 Ohio St. 463; *Ellis v. Sheffield Gas Co.*, 2 El. & Bl. 767; *Schwartz v. Gilmore*, 45 Ill. 455; *Lancaster v. Life Ins. Co.*, 92 Mo. 460. One cannot direct others to commit a trespass. *Williamson v. Fisher*, 50 Mo. 198; *Ulman v. Railroad*, 67 Mo. 118. (7) "It is the duty of the employer to use all reasonable care and precaution in providing plans and specifications to the end that a building, when constructed in accordance with them, would not be dangerous to adjoining property." *Lancaster v. Life Ins. Co.*, 92 Mo. 460.

*H. E. Howell* and *Goode & Cravens* for respondent.

BURGESS, J.—There are two counts in the petition in this case. The first one is the common-law action on the case, the averments being that the agents, servants and employes of defendant entered on defendant's lot, adjoining plaintiff's wall, and dug thereon and removed the dirt and stone from and along the wall of plaintiff's building in a negligent, careless and unskillful manner so that it weakened the wall which bulged out, cracked and fell, and that by reason thereof they lost the rents of the building, and claim damages in the sum of $2,500. The second count avers that plaintiffs owned a strip of ground eighteen inches wide on the east side of their building extending the entire length thereof, and that defendant caused digging to be done thereon by which the wall was undermined, weakened and finally fell, to their damage in the sum of $2,500. This count does not charge negligence or unskillfulness on the part of defendant nor does it aver that the plaintiffs were in the possession of the strip of ground at the time of the injury.

This suit was commenced on the fourth day of February, 1884 by L. A. D. Crenshaw, deceased, and Martha E. Thomas, wife of her then co-plaintiff J. B. Thomas, her husband joining with her. Whatever title plaintiffs have in the property was vested in L. A. D. Crenshaw and Mrs. Martha E. Thomas. Crenshaw and J. B. Thomas have died since the suit has been pending. And so far as Crenshaw was concerned the suit was revived in the name of his administratrix, Mrs. Fannie S. Crenshaw.

Plaintiffs and defendants were co-terminous proprietors, claiming title to their respective properties from the same source. Defendant, for the purpose of laying the foundation and digging a cellar under a building

which he had undertaken to build on the lot immediately east of and adjoining the lot on which plaintiff's hotel building in Springfield was situated, let the contract for the building to one Snavely, whose employes and servants in digging and excavating the rock and dirt undermined the. wall of plaintiff's building and committed the injuries for which this suit is brought. Snavely sub-let a portion of the work to other parties. Thomas and Foley were employed by defendant to superintend the work, and to see that the contract of Snavely was complied with.

The answer is a general denial, and also sets up title in defendant in the eighteen inch strip of ground, and charges plaintiffs with notice that the work was being done and contributory negligence. Replication was filed to the new matter set up in the answer.

The evidence was conflicting as regards the allegations in both counts in the petition and the material allegations in the answer.

The trial court after all the evidence had been introduced sustained a demurrer to the evidence and directed a verdict for defendant. Plaintiffs then filed their motion for a new trial, which being overruled by the court, they saved their exceptions and appealed the case to the St. Louis court of appeals, from which last named court it was certified to this.

The first point that defendant's counsel make in their brief is that there is misjoinder of parties plaintiff, in that Mrs. Crenshaw, as the administratrix of her husband's estate, and Mrs. Thomas have no community of interests in the rents which might have accrued before the death of J. B. Thomas, her husband, and were therefore improperly joined as plaintiffs, because he, Thomas, was entitled to the rents that accrued during his lifetime.

There was no demurrer filed to the petition, nor

was the question of misjoinder raised by answer. If in fact there is a misjoinder of parties plaintiff, it should have been raised by answer, as it does not appear from the face of the petition. Revised Statutes, 1889, secs. 2043, 2047. It could not be raised by a general demurrer to the evidence. *Pettingill v. Jones*, 21 Mo. App. 210. But, we do not think the objection well taken in any event, because, while it is true that Mrs. Thomas could not recover for the loss of rents that accrued during the lifetime ·of her husband without administering on his estate, and suing in that capacity for them, yet as the title to the property was in her she could certainly prosecute the suit in her own name and right after his death for damages done to it even though done in the lifetime of her husband—that is, damage to the freehold as in this case, and Mrs. Crenshaw as administratrix of her husband was a proper party to be joined with her for that purpose.

The principal question involved in the first count of the petition in this case was, is the relation which Snavely sustained to the defendant that of independent contractor or servant? The witness W. F. Foley testified "that Thomas and Foley were to superintend the erection; that he was there from time to time acting as the agent for the defendant; that they had to see that the building was constructed according to the plans and specifications and that he was employed to superintend the work by Ullman." Snavely had the entire contract to erect the building according to plans and specifications furnished him by defendant.

If he, Snavely, was an independent contractor then the defendant is not liable, but if the agent of defendant, and the work was done in an unskillful or negligent manner, then the defendant is liable. Mr. Thompson in his work on Negligence, volume 2, section 22, page 899, lays down the rule as follows:

"The general rule is, that one who has contracted with a competent and fit person, exercising an independent employment, to do a piece of work, not in itself unlawful or attended with danger to others, according to the contractor's own methods, and without his being subject to control, except as to the results of his work, will not be answerable for the wrongs of such contractor, his sub-contractors or his servants, committed in the prosecution of such work. An independent contractor * * * is one who renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. The contractor must answer for his own wrongs and the wrongs committed in the course of the work by his servants." This seems to be the uniform rule in this state, as appears from the following decisions of this court: *Hilsdorf v. St. Louis,* 45 Mo. 98; *Morgan v. Bowman,* 22 Mo. 538; *Clark's Adm'x v. Railroad,* 36 Mo. 281; *Barry v. St. Louis,* 17 Mo. 121; *Fink v. Furnace Co.,* 82 Mo. 276.

It is often very difficult to determine when a person is an agent or employe and when a principal. The evidence in this case shows beyond question that Snavely was an independent contractor for the entire job, the defendant having nothing whatever to do with the management of the work, employment or payment of the hands or any power to discharge them; and it makes no difference that the defendant had an agent employed to superintend the work and to see that the contract was complied with. In the case of *Clark's Adm'x v. Railroad, supra,* the judge delivering the opinion of the court says, "The liability depends on this relation, and the principle of *respondeat superior* applies to the contractor who employs the men, and whose servants they are, but not to the corporation

with which the original contract was made. In this case it clearly appeared that the laborers, by whom it was proved that the trespasses and injuries were committed, were the employes and servants of Patrick Cochran, the sub-contractor, and it makes no difference that there was an engineer of the company on that division of the road, whose duty it was merely to superintend the general progress of the work of construction, and to see that it was done according to the contract made by the corporation with the principal contractors. He had no immediate control over the men employed by the sub-contractor; the corporation itself had none.'' *Blumb v. City of Kansas*, 84 Mo. 112; 2 Thompson on Negligence, sec. 41, p. 913; *Erie v. Caulkins*, 85 Pa. St. 247; *Callahan v. Railroad*, 23 Iowa, 562; *Hughes v. Railroad*, 39 Ohio St. 461; *School District v. Fuess*, 98 Pa. St. 600; *Kelly v. Mayor*, 11 N. Y. 432; *Robinson v. Webb*, 11 Bush, 464.

There is no allegation in the petition that the plans and specifications for the work as furnished by defendant were not sufficient to secure a safe construction thereof, or that the work was in its nature dangerous to the property of others. In cases of this character it seems that the principal is liable for any injury that is occasioned by reason thereof, notwithstanding the relation of respondent and superior may not exist, and the party doing the work is an independent contractor. 2 Thompson on Negligence, sec. 24, p. 901; *Lancaster v. Ins. Co.*, 92 Mo. 460; *Dillon v. Hunt*, 11 Mo. App. 246; s. c., 105 Mo. 154.

In the case of *Charless v. Rankin*, 22 Mo. 566, the question of principal and agent was not involved and was not passed on by the court. That case is, therefore, not considered as an authority in this. We think that on both principle and authority the trial

court did not err in sustaining the demurrer to the evidence under the first count.

The second count is in trespass, and if the plaintiffs were the owners of and had title to the eighteen inch strip of ground described in the petition as a strip of ground eighteen inches wide adjoining the brick building of plaintiff's, and *defendant was not* in the actual possession thereof and did, by his servants, agents and employes and against the consent of plaintiffs, enter upon and dig a hole and excavate and remove from said strip of ground dirt and stone by which plaintiffs were injured, then defendant is liable therefor, and it makes no difference whether the person committing the injury, or having it done, is an independent contractor or not, provided the injury was committed by defendant's direction, or by and with his knowledge and consent, and for his use and benefit. The proof in regard to the allegations in this count was very conflicting and in our opinion the issues involved in it should have been submitted to the jury under proper instructions. If plaintiffs had the legal title, then they were in constructive possession, and were entitled to recover for the injury unless the strip was at the time of the commission thereof in the actual possession of the defendant. *Renshaw v. Lloyd,* 50 Mo. 368; *Ware v. Johnson,* 55 Mo. 500; *Brown v. Hartzell,* 87 Mo. 564; *Parker v. Shackleford,* 61 Mo. 68.

So far as the title is concerned under which plaintiffs claim the eighteen inch strip of ground upon which the injury is alleged to have been committed, this court at the June term, 1891, in passing upon the same title and the same objections thereto that are now raised by defendant in this case said, "Section 1, of article 8, chapter 37, Wagner's Statutes of Missouri, authorized the incorporation of a hotel company, and the com-

Vol. 113—41

pany in question having been formed *de facto*, and having assumed to act, and having acted as a corporation *de facto*, its corporate existence cannot be called in question or tested in a collateral proceeding like this. 2 Morawetz on Private Corporations, secs. 776–8; *G. M. & S. Co. v. Richards*, 95 Mo. 106. And it is well settled that a transfer of property to or by a corporation *de facto* will be held binding and valid as against all parties except the state." *Finch v. Ullman*, 105 Mo. 263. This would seem to be decisive as to all objections to the deed to and from the Springfield Hotel Company that are made by defendant, and that the objections thereto are not well taken.

For the error of the trial court in sustaining the demurrer to the evidence under the second count in the petition the cause is reversed and remanded to be proceeded with in conformity with this opinion. GANTT, P. J., concurs, SHERWOOD, J., not sitting.