ANNIE E. EGE et vir, Respondents, v. PHOENIX BRICK & CONSTRUCTION COMPANY, Appellant.

Kansas City Court of Appeals, June 4, 1906.

1. **DAMAGES: Agency: Independent Contractor: Engineer.** Under the terms of a contract between the city and a contracting company for the grading of a street, and also under contract between such company and its subcontractor, it is held that there is no relation of agency or master and servant, but that the company's subcontractor was an independent contractor for whose torts the company was not liable, even though the city engineer had the right to see the work was done according to contract, and to dismiss disobedient, incompetent and disorderly employees of the contractor. Cases considered and destinguished.

2. **Independent Contractor: Contract: Trespass.** Where the work let to one who might otherwise be an independent contractor is itself unlawful or of itself involves a trespass the original party will be liable; but under the contract under judgment the streets where the contractor piled the surplus dirt were not mentioned and there was a failure of evidence showing that the city's engineer directed the dirt deposited on the street in front of plaintiff's property, for which she sues.

3. ———: ———: ———: **Subletting.** A contract with a construction company for grading a street stipulated against assigning or subletting but likewise provided that if there was a subletting the city had the right to annul the contract. *Held*, the separate provisions taken together gave the city a right to refuse sanction to the subletting by interfering, but that a private citizen whose property was damaged could not take advantage thereof.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED.

*C. F. Strop* and *Eugene Silverman* for appellant.

(1) It is a well-established rule in this State that the original owner or contractor is not liable for any damage caused by an independent or subcontractor unless the work contracted for inherently and necessarily would cause the damage. The rule is that where the thing contracted to be done may lawfully be done without damage, and that the damage is the result of the method or manner of carrying out the contract by the independant or subcontractor, no liability arises against the owner or original contractor. Berry v. St. Louis, 17 Mo. 126; Morgan v. Bowman, 22 Mo. 548; Fink v. Furnace Co., 82 Mo. 283; Blum v. Kansas City, 84 Mo. 114; Weise v. Remme, 140 Mo. 289; McCafferty v. Railroad, 61 N. Y. 181. (2) Instruction A, given by the court, is wrong, whatever theory of law this case should be tried upon, because it directs a verdict against defendant if Carr & Son were subcontractors under defendant

for grading Twenty-second street, without requiring the jury to find either that the placing the dirt in James street was a part of defendant's contract with the city, and hence, included in the subcontract, or that the dirt which was placed in front of plaintiffs' property was taken from Twenty-second street.

*W. B. Brown* for respondents.

(1) The rule that the employer is not liable for the torts of an absolutely independent contractor is undisputed; that there are exceptions as important as the rule itself cannot be questioned. Actual interference or control as to the manner of doing the work on the part of the employer, or the right of control whether exercised or not, reserved either expressly or by implication, takes the case out of the rule and makes the contract one of service or agency. Scott v. Springfield, 81 Mo. App. 324; Larson v. Railway, 110 Mo. 241; Gayle v. Car & Foundry Co., 177 Mo. 446; Berge v. Bousefield, 65 Minn. 355; Keys v. Baptist Church, 17 Am. Neg. Rep. 526; Railroad v. Kimberly, 87 Ga. 165; Colgrove v. Smith, 102 Cal. 220; Cooper v. Seattle, 16 Wash. 462. (2) Assuming the duties of the municipality relative to its streets and highways, appellant agreed with the public in most binding terms to act as its agent in the performance of its duties, agreed to do it personally and guaranteed, by its bond, the safety of all. Such a contract can be performed only by the obligor or through his agency; more especially is this true when in the most express terms the obligor binds himself not to assign, transfer or sublet this duty or to let any portion of it beyond his control. Wood on Master and Servant (2 Ed.), sec. 316, Water Co. v. Ware, 16 Wall. (U. S.) 566; Weber v. Railroad 20 N. Y. App. Div. 292; Railroad v. Kimberly, supra; Colgrove v. Smith, supra; 5 Thompson on Corporations, sec. 6349; R. S. 1899, secs. 5508, 5684, 5730.

ELLISON, J.—The defendant entered into a written contract with the city of St. Joseph to grade one of the streets of said city. It then sublet the work to Carr & Son and the latter performed the contract. Plaintiff charges that in the course of the work an embankment was made in front of her property, situated on a nearby street, by depositing dirt thereon taken from the street upon which the work was done. She brought this action for damages against this defendant charging it with having made the embankment, and obtained judgment in the circuit court.

The defendant itself did not do this work and the parties have presented the question as to defendant's liability, which involves a consideration of whether Carr & Son were independent contractors, or merely agents of defendant in doing the work. The case is so made and presented by counsel.

The effect of the contract between this defendant and Carr & Son was that the latter took the place of the former in doing the work under the contract, which the former had with the city. The case as tried in the circuit court and presented here is made to turn upon a construction of the contract between defendant and the city of St. Joseph. In determining whether one who is employed by another to do work is an independent contractor in such sense as to free his employer from liability, where the work is not necessarily a trespass, the first and principal inquiry is whether there was the relation of master and servant. The contract between defendant and Carr & Son shows no such relation, nor, stated in another way, any relation of principal and agent. And, following the case as presented and going to the contract between defendant and the city, we find that there was no such relation between the city and defendant. The contract placed an obligation on defendant to perform the work therein named. By its terms the city engineer could direct at what point the work should commence and we may concede that the en-

gineer had general right to see that the work, as it progressed, was done according to the contract. More than this, the contract contained the following provision, viz., that "if any person employed in the work shall refuse or neglect to obey the city engineer, or his duly authorized agents, in anything relating to the work, or shall appear to the said city engineer to be incompetent, disorderly or unfaithful, he shall, upon the order of said city engineer, be at once discharged and not again employed on any part of the work."

This authority of the engineer did not take from the defendant the character of an independent contractor. [Blumb v. Kansas City, 84 Mo. 112, 114; Barry v. City of St. Louis, 17 Mo. 121; Morgan v. Bowman, 22 Mo. 538.] In Barry v. City of St. Louis, the question of exemption from liability is discussed at length. The court cites and quotes with approval Allen v. Hayward, 53 E. C. L. Rep. 959, where the defendants were appointed commissioners under an act of Parliament for the improvement of a watercourse. They let the work to a contractor, with a provision in the contract, that the work should be done in such manner as the surveyor engaged by defendants should direct. It was held that defendants were not liable for an injury resulting from the building of the dam. And again in Hobbitt v. Railway, 4 Excheq. 244, the railway company contracted with others to build a portion of the line, reserving in the contract the general right of watching the progress of the work and of *dismissing* incompetent workmen. Some of the workmen killed the plaintiff's husband and in suit by her the point was made that as there was power of dismissal of the contractor's workmen, it established the relation of master and servant between the company and the workmen. But the court ruled otherwise.

There is nothing in the claim that the foregoing views are not in harmony with Larson v. Railway, 110 Mo. 234, or Crenshaw v. Ullman, 113 Mo. 633. In the former, the court, in order that its holding might not be

· understood as contrary to the generally accepted view of this question, set out, with particularity, the facts upon which its judgment was based. There, the defendant's engineer took charge of and personally directed the particular work and the manner of doing it, which caused the damage. The damage resulted from the work being done in the manner caused by his specific direction and interference; a right which the contract gave him. In the latter, the general rule as herein announced is stated and approved.

But it is suggested that in the contract between the city and defendant the obligation was upon defendant to deposit the surplus dirt taken from excavations on the street graded on any other street directed by the city engineer. That, therefore, the work itself contemplated a wrong to plaintiff, which afterwards resulted by dirt being deposited on the street upon which plaintiff's property fronted. It is the law that if the work which is let to what might otherwise be called an independent contractor, is itself unlawful, or of itself involves a trespass, the original party will be liable. But the contract between defendant and the city left blank the names of the streets where surplus dirt should be deposited if directed by the engineer, and there was no evidence to show that the engineer directed the dirt deposited on the street in front of plaintiff's property. All reference to such issue was omitted from plaintiff's instructions and defendant's instructions on that head were refused. The necessity for proof of an order from the city engineer, as contemplated by the contract, is combated here by plaintiff on the ground that Carr & Son were not independent contractors, a ground which we have ruled to be untenable.

Another reason urged in support of the judgment is that defendant assumed a personal duty to the public; that he assumed a contract relation with the public which it recognized by stipulating with the city that the contract would not be assigned, or sublet. There was

a provision in the contract that defendant should not do those things. But at another part of the contract it was provided that, if it did, the city had the right to annul the contract and relet the work. These separate provisions taken together, gave the city a right to refuse sanction to a subletting by interfering. That was however a matter for the city, and, in the absence of action on its part, cannot be taken advantage of by the plaintiff.

We are satisfied that no case was made against this defendant and that the demurrer presented by counsel should have been sustained. The judgment is therefore reversed. All concur.