## PRESS, Respondent, v. PENNY & GENTLES, Appellants.

### St. Louis Court of Appeals, December 1, 1908.

### (Opinion by Bland, P. J.)

1. NEGLIGENCE: Independent Contractor: Respondeat Superior. Where the occupiers of a building employed a painting company to remove a large sign which had been put up in front of the building, and in removing it an employee of the painting company fell from a ladder and injured a pedestrian on the sidewalk. the owners of the sign were not liable for the injury if such accident occurred through the negligence of the painting company's employee, because the relation of the painting company to the owners of the sign was that of independent contractor.

2. ————: ————: Negligence. And where in such case the placing of the ladder for the purpose of removing the sign was not a dangerous obstruction, and the pedestrian's injury was not directly caused by any act made necessary in the contract with the painting company to remove the sign, the owners of the sign would not be liable on the ground that the performance of the contract resulted in the injury.

### (Dissenting Opinion by Nortoni, J.)

3. ————: ————: ————. Where the evidence in such case showed that the employee of the painting company was negligent in using unnecessary force in drawing a nail to loosen the sign, whereby he lost his balance and fell, the owner of the sign was liable because the employee of the painting company was negligently doing the act called for by the contract of the independent contractor, and the injury was one occasioned by that negligent performance.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. Claflin Allen,* Judge.

REVERSED AND CERTIFIED TO SUPREME COURT.

*Watts, Williams & Dines, Wm. R. Gentry,* and *James P. McBaine* for appellants.

The finding and judgment should have been for defendants. 1. Because there was no negligence on the part of any one proven in this case which caused, or contributed to cause, the plaintiff to be injured. The undisputed facts show that the injury to plaintiff was the result of an unforeseen accident, for which nobody was liable. (2) The defendants are not liable in this case for the acts of Rule, even if the court should find that Rule's negligence injured the plaintiff. Rule was employed by an independent contractor and the defendants had no control whatever over him. Independence v. Slack, 134 Mo. 66; Loth v. Theater Co., 197 Mo. 354; Richmond v. Sitterding, 111 Va. 354, 99 Am. St. Rep. 879; Crenshaw v. Ullman, 113 Mo. 633; Williamson v. Fischer, 50 Mo. 178; Homer, Admr., v. Nicholson, 56 Mo. 220; Benjamin v. Railway, 133 Mo. 274; Long v. Moon, 107 Mo. 334; Strauss v. Louisville, 55 S. W. 1075; McCarthy v. Second Parish of Portland (Maine), 36 Am. Rep. 320 (citing Reedie v. Railway, 4 Exch, 244, Forsyth v. Hooper, 11 Allen 419); Hexamer v. Webb, 101 N. Y. 577, 54 Am. St. Rep. 703; Johnson v. Helping (Cal.), 92 Pac. 360; Geist v. Rothschild, 90 Ill. App. 324; Boomer v. Wilbur, 53 L. R. A. 172, 176 Mass. 482; Smith v. Exchange, 91 Wis. 360, 51 Am. St. Rep. 912; Symonds v. Road Directors, 105 Md. 254; DeForest v. Wright, 2 Mich. 368; McNulty v. Ludwig, 100 N. Y. Supp. 703; Massey v. Oates, 39 So. 142; Neumeister v. Eggert, 52 N. Y. Supp. 481, 29 App. Div. 385; Francis v. Johnson, 127 Iowa 391; Sanford v. Railway (R. I.), 33 L. R. A. 564; Hilliard v. Richardson, 63 Am. Dec. 743, 3 Gray 349; Scammon v. Chicago, 79 Am. Dec. 334, 25 Ill. 424.

*Percy Werner* for respondent; *Armistead M. Dobie* of counsel.

(1)  Defendant was liable for injuries caused by the servants of the Scott & Wolff Painting Company, in removing the sign from in front of the building in question.  Loth v. Columbia Theater Co., 197 Mo. 328; O'Hara v. Gaslight Co., 110 S. W. 644; French v. Coal Co. (Mass.), 81 N. E. 265; McHarge v. Newcomer, 117 Tenn. 595, 100 S. W. 700; Bridge Co. v. Steinbrock, 61 Ohio St. 215, 55 N. E. 618.  This proposition is supported by the very authorities cited by appellants.  16 Am. and Eng. Ency. (2 Ed.), pp. 196, 197; Houghton v. Lumber Co. (Cal.), 93 Pac. 82, 14 L. R. A. (N. S.) 913, and note; Water Co. v. Ware, 16 Wall. 566, 21 L. Ed. 485.  (2)  The use of a sidewalk on one of the busiest thoroughfares in a large city to set up a ladder thereon to remove a cumbersome sign, that being the necessary and only way in which the work could be done, without stationing somebody at the foot of the ladder to hold it and prevent injury to passers-by, or taking any other precautions, was a negligent use of the sidewalk.  (3)  Setting up two ladders on a sidewalk in midday on a busy thoroughfare and allowing two men to mount these ladders and attempt to handle a large, cumbersome, unwieldy muslin sign, in windy weather, constituted a nuisance.  Waller v. Ross, 100 Minn. 7, 64 Cen. L. J. 174, and exhaustive note, pages 176, 177.

BLAND, P. J.—The action is to recover damages on account of a personal injury.  Succinctly stated, the facts are as follows:  Defendants, Alexander Penny and John Gentles, on January 1, 1907, were partners, doing a large retail dry goods business in the building located on the southwest corner of Washington avenue and Broadway, in the city of St. Louis.  These streets are public ones and the most traveled of any streets

in said city.   The Scott & Wolff Painting Company
had a contract with defendants by the terms of which
they agreed to paint, put up and take down all signs
required by defendants.   Under this contract the paint-
ing company put up two canvas signs on the outside
of the building about twelve feet from the ground,
one on the Washington avenue side, the other on the
end of the building fronting Broadway.   The sign on
the Washington avenue side was about twelve feet long
and five feet wide and was nailed to a frame made of
narrow strips of wood and fastened by nails to the wall
of the house, just under the second story windows.   On
January 12, 1907, defendants requested the painting
company to remove the signs.   In response to this re-
quest the painting company sent two of its employees
(Phillips, a boss, and Rule) to the premises with lad-
ders to remove the signs.   On arriving at the premises
Phillips raised his ladder at the west end and Rule
placed his at the east end of the sign fronting Wash-
ington avenue.   The foot of each ladder rested on the
sidewalk about five feet from the building wall and
the top rested against the wall just beneath the lower
edge of the sign.   Phillips and Rule each ascended
his ladder and proceeded to release the canvas by draw-
ing the nails by which it was held to the framework and
walls.   Rule found the nails at his end well driven
in and hard to remove.   After loosening the end of
the sign he descended to the pavement and moved his
ladder to the west three or four feet, so as to be in a
position to draw the nails driven into a cross strip.   An-
ticipating that the nails in the crosspiece would be as
hard to remove as those in the end, he gave a strong
pull on the first nail he got hold of with his hammer,
and the nail gave way so easily as to cause him to
lose his balance.   Fearing that he would fall to the
ground, he jumped down the ladder, intending to land
on a rung several feet below him.   Only one foot caught
on the rung.   This foot was twisted to one side and

Rule continued on down the ladder, falling on plaintiff, who, in passing, happened to be under the ladder at the time. Plaintiff was severely injured. The accident happened about 11:30 a. m. Plaintiff was walking east on the sidewalk and saw the ladder and Rule on it as he approached the place where he was injured, but he did not discover Rule in the act of falling from the ladder nor did he come in contact with the ladder itself. Contributory negligence is not pleaded, nor is it claimed that plaintiff was guilty of any contributory negligence. The ladder rocked as Rule fell from it but it was caught by a bystander and prevented from falling. Rule testified that the wind caught the east end of the sign which he had loosened and caused it to "flop" but that the "flopping" did not interfere with his attempt to draw the nails. The act of negligence stated in the petition is as follows: "On the twelfth day of January, 1907, the defendants employed certain persons to remove from the front of its said building, a certain large muslin or canvas sign attached to a frame from twelve to fifteen feet long and about four feet wide, which said sign was attached with nails to said building, and that said persons so employed, attempted to remove same by setting up two ladders at either end of said sign, extending from the sidewalk up to the front of said building, and whilst said persons so employed, were upon said ladders and engaged in detaching said sign from the building, or after same was detached, owing to its size, shape and material, and a blowing wind, the ladder upon which one of the said persons was standing, twisted and turned, and the man so standing thereon, fell onto and against this plaintiff."

The issues were submitted to the court sitting as a jury, who found for plaintiff and assessed his damages at $1,500. Defendants moved the court to declare the law to be that under the law and the evidence plaintiff

could not recover. The refusal of the court to grant this request is assigned as error.

For the purpose of deciding the main question in the case, we will assume that Rule was negligent and that his negligence caused him to fall upon and injure plaintiff. The rule of *respondeat superior,* as ordinarily understood, has no application to the facts of this case, for the evidence is all one way that neither Rule or the painting company was the servant or agent of defendants in or about the work of removing the sign. The evidence also is all one way that defendants did not select the tools or implements for removing the sign, or direct in what manner it should be removed; on the contrary, the painting company, as an independent contractor, selected its own time and its own tools and its own servants for the removal of the sign, without consulting defendants or either of them, therefore, the relation of the painting company to defendants is that of an independent contractor and hence defendants are not liable for the negligence of its servant Rule, if he was negligent. [City of Independence v. Slack, 134 Mo. 66; Benjamin v. Railway, 133 Mo. 274; Crenshaw v. Ullman, 113 Mo. 633; Loth v. Columbia Theater Co., 197 Mo. l. c. 354.] But the case was not decided in the court below upon the theory that Rule was defendants' servant but upon the theory that the work was of such a character as to endanger the traveling public upon Washington avenue, and for this reason it was the personal duty of defendants to superintend the removal of the sign, and this duty being a personal one defendants could not shift it to an independent contractor. The learned trial judge's view of the law of the case is well expressed by the following declarations of law which he gave:

"2. The court sitting as a jury, instructs that the law does not permit a person to cast off a duty resting upon him by operation of law upon an independent contractor, so as to exonerate himself from the con-

sequences of its non-performance, and that the law imposes a duty on the occupant of a building abutting upon a sidewalk of a public street, to so use the sidewalk in connection with his use of such building, as not to interfere with the rightful and proper use of such sidewalk by the public.

"3. The court, sitting as a jury, instructs where the injury to a pedestrian on a sidewalk, results directly from acts called for and made necessary by a contract entered into between the tenant of abutting property and an independent contractor, and not from acts which are merely collateral to the contract; the negligence of the servants of the independent contractor is the negligence of the tenant of the abutting property who employs him, and the tenant is liable for injuries to the pedestrian, just as if he directly did the negligent act himself; and where it appears that a large and unwieldy sign was placed by a tenant on the front of a building occupied by him, and could only be removed therefrom by placing a ladder on the sidewalk, and the tenant employed an independent contractor to remove the sign, and the servants of such independent contractor, by their negligence in accomplishing such removal, allowed the ladder to fall and injure a passerby, himself in the exercise of due care, such tenant is liable for such injury."

The evidence shows that the sign could not have been removed by working from inside the building, for the reason the nails in its lower edge could not be reached by a person working from the windows. The placing of the ladders on the sidewalk for the purpose of removing the sign temporarily obstructed the walk, but the obstruction was not inherently dangerous, nor did it greatly interfere with the use of the walk. Neither was plaintiff's injury caused by a collision with the ladder, in fact, he did not touch the ladder, therefore, he cannot maintain his action upon the theory that his injury resulted from the erection of a nuisance in a public

street. It cannot reasonably be asserted that the placing of the ladder on the sidewalk in the manner and at the time of day described was dangerous to a pedestrian traveling on the walk, nor that plaintiff's injury directly resulted from an act called for and made necessary by the contract with the painting company for the removal of the signs. The latter company might have used a swinging platform instead of ladders for the workmen to stand upon while removing the signs, and if it had done so and Rule had negligently fallen from the platform and injured plaintiff, it could not be contended that defendants are liable. We think the use of the ladders was purely collateral to the work to be done, and if the placing of the ladders upon the sidewalk was the proximate cause of the injury, and was a wrongful act, the wrong was the act of the Scott & Wolf Painting Company for which it, and not defendants, is liable. The facts in this case do not bring it within the doctrine declared in the case of Loth v. Columbia Theatre Co., supra, wherein it is said: "Lowering and raising the sign (a heavy one) over the sidewalk was dangerous to pedestrians." In that case the plaintiff was injured while the sign was being lowered,—a dangerous act in itself, in view of the weight of the sign and the manner in which it was lowered, as found by the Supreme Court, and being dangerous it was the duty of the defendant company, under the circumstances, to have superintended the raising and lowering of the sign. The rule is that the defendant cannot be held liable unless the acts called for by the contract were made necessary by that instrument and injury resulted therefrom. [16 Am. and Eng. Ency. of Law, 196; Robbins v. Chicago City, 71 U. S. l. c. 679.] The declarations of law given by the court are in the main in accord with the views herein expressed and are correct as abstract propositions of law, but the law, as declared by the court is unsupported by any evidence in the case. There is not a scintilla of evidence to warrant the declarations

of law given. We think the defendant's instruction in the nature of a demurrer to the evidence should have been given. The judgment is reversed. *Goode, J.,* concurs; *Nortoni, J.,* dissents.

## DISSENTING OPINION.

NORTONI, J.—The workman, Rule, did not exercise ordinary care in drawing the nail. He exerted great force in doing so when an ordinarily prudent man, under the circumstances (standing on a ladder over a crowded sidewalk), would have exerted slight force only. As a result of this extra force, the nail gave way and he was precipitated from the ladder to the sidewalk, whereby the plaintiff was injured. Therefore the negligence operating proximately to the plaintiff's injury, was involved in the act of Rule drawing the nail for the purpose of removing the sign. This was an act called for by defendant's contract with the independent contractor. The law affixes an obligation on the employer to respond even for the negligent act of an independent contractor or his servants, when the injury is one occasioned by the negligent performance of an act required to be done or rendered necessary, in the execution of the contract. [Robbins v. Chicago, 71 U. S. 679; Loth v. Columbia Theatre Company, 197 Mo. 328; Williamson v. Fisher, 50 Mo. 198; Homer v. Nicholson, 56 Mo. 220; Crenshaw v. Ullman, 113 Mo. 633, 638; 16 Amer. and Eng. Ency. Law (2 Ed.), 196.]

Entertaining this view, I am of opinion the evidence tends to show a case of liability on the part of defendants which should be referred to the jury. I therefore deem the judgment of the court in this case in conflict with the decision of the Supreme Court in the case of Loth v. Columbia Theatre Company, supra, and request the cause be certified to that court for a final determination.