WILLIAM H. HORNER, Administrator of PATRICK McDONOUGH Respondent, *vs.* DAVID NICHOLSON, Appellant.

1. *Damages caused by falling of building while being re-built—Liability of owner and contractor.*—In suit for injuries received by an employee in making alterations in, and additions to, an old building; where the damages were shown to have resulted from inherent defects in the old wall, which the contractors were directed to make use of in the new building, or where the removal of floors and the construction of new walls were accomplished under the direction of defendant previous to the letting of the work to the contractors, and so unskillfully or negligently arranged as to have caused the injuries complained of, defendant will be liable, although at the time of the casualty the work had been let out to a contractor and was being carried on under his management and control.

*Geo. P. Strong,* for Appellant.

*W. H. Horner,* for Respondent.

I. Defendant was liable for any injury resulting to plaintiff from the dangerous manner of erecting the buildings, if the falling thereof occurred either from the inherent danger attending the use of the old wall and floors as directed in the contract, or from the doing of the extra work, or day's work, as done, or directed, or permitted, by defendant or his agents, in a careless, dangerous or negligent manner. (Shearm. & Red. on Neg. [2d Ed., 1870], 98 ; City of St. Paul vs. Steitz, 3 Minn., 297; Storrs vs. Utica, 17 N. Y., 104 ; Ellis vs. Sheffield Gas Co., 2 Ellis & B., 767, [cited in Shear. & R. on Neg., p. 106, N. 3] ; Hill. on Torts, [3d Ed., 1866], 423, § 3 ; 437, §§ 11, 12, 13 ; 445, 446, § 14 ; Garretzen vs. Duenckel, 50 Mo., 111, citing Howe vs. Newark, 12 Allen 49 ; Thames Steamboat Co. vs. Hous. R. Co., 24 Conn., 53, 55 ; Gregory vs. Piper, 17 Eng. C. L., 455 ; O'Rourke vs. Hart, 7 Bosw., 513, 514 ; Gilbert vs. Beach., 4 Duer., 430 ; Carman vs. Steubenville & R. Co., 4 Ohio, St., 416-17; Hill. on Torts, Vol. 1, [3d Ed.] p. 116 *et seq.,* §§ 38, 39, 42, 47.)

NAPTON, Judge, delivered the opinion of the court.

This action was to recover damages alleged to have been occasioned by the falling in of a floor and wall in a building

which the defendant was putting up at the corner of Fifth and Walnut Streets in the City of St. Louis. The plaintiff was injured by the fall of this wall and floor, and alleges that it was occasioned by the unskillful, negligent and careless construction of the building, under the directions of defendant or his agents.

The defenses set up in the answer were of two kinds, first, that the work was good and substantial and safe and not done in the careless or negligent manner alleged, and second, that if the work was insecure, its insecurity arose from the carelessness of contractors or their employees, and occurred after the defendant had let out the entire work to different contractors, to be done in conformity to certain plans and specifications furnished by his architect, and that after this his responsibility for the work ceased.

It appears, that in the Summer of 1868 the defendant purchased the church building and parsonage attached thereto at the corner of Fifth and Walnut, with a view to convert it into a large business house now called "The Temple;" that in the course of the Summer months, he caused the south wall of the church to be taken down, at least partially, and an iron front substituted, and he also had the north and south walls of the parsonage removed, and the lower floor raised two or three feet, so as to be on a level with the proposed floor of the church building, and the second floor raised, and the joists of course removed from their original position and placed in the west wall in holes cut for that purpose, also a new wall of 9 inches, built up against the old west wall of the parsonage building, up to the second floor; and he intended to have it fastened into the old wall by anchors, for the reception of which holes were also perforated in the old wall. All this work was done, as the plaintiff alleges, and attempts to prove, by men employed by defendant, and before any contracts were made; though there is no proof to the contrary on this point.

The disaster occurred a day or so after this nine inch wall was completed, and whilst the west wall was left standing some eight or ten feet above the second floor. The contracts were

all designed to authorize and require the contractor to make use of the old walls and other materials, so far as they were safe and proper, of the safety and propriety of which the architect was to judge. The defendant sought to establish that the west wall of the parsonage was sound and strong and better than a new one; that the changes in the floor and joists did not diminish or impair its strength; that the falling of the floor and wall was occasioned by the removal of a prop or brace by one of the carpenters employed by the contractor, and for which defendant was in no wise responsible.

Upon this point the evidence was conflicting. Whether the old wall was a good and sound one, whether the removal of the joists contributed to weaken it, whether the addition of a new nine inch wall to it operated to drag it down—whether the only cause of its falling was the removal of a prop under the joists—are questions of fact, which the jury were more competent to decide than we are.

The testimony of the defendant was mainly directed to throw the responsibility of the downfall of the floor and wall upon an employee of one of the contractors after the defendant had ceased to have any control over the work, and had turned over the work to the contractors. The accident certainly occurred after this—but if the defendant's plans of re-building, as recommended by his architect, required the use of materials and structures that were unsafe, his responsibility, for any injury accruing by reason of such plans, was not transferred to the contractors.

The instructions given were as follows: Instructions for plaintiff—No. 1:

The jury are instructed, that the fact, that the building in question was built under contracts between defendant and other parties, will constitute no defense to this action, if the jury find from the evidence, that the said building fell upon and injured plaintiff, without negligence or fault on his part, and that the falling thereof was occasioned by its construction in accordance with certain specifications and plans contained in said contracts, and that the manner of building the same,

as required in said plans and specifications, was a dangerous and negligent manner. And in determining whether the manner of building the said building, as required or permitted by said plans and specifications, was a dangerous and negligent manner, the jury should consider the materials to be used and the manner of using the same in constructing the said building.

Instruction for plaintiff—No. 2.

If the jury believe from the evidence that defendant or his agents, in the erection of the building on the north-west cor-ner of Walnut and Fifth streets, carelessly used old walls, or caused the old floor to be raised in a careless manner, or carelessly left the old parsonage wall standing above the floor in a dangerous manner; and that, in consequence of either of said acts, the building or any part of it fell upon this plaintiff, without any fault of his, while he was right-fully in said building, then they will find for the plaintiff, whether the building was let by contract or not; and in esti-mating carelessness they must take into consideration the age of the walls used, as well as the manner in which they were used.

Instruction for plaintiff—No. 3.

If the jury find for the plaintiff, they will assess his dama-ges at such a sum as in their opinion will be a reasonable compensation to him for the bodily pain suffered, outlays incurred, and time lost in consequence of the injuries sus-tained; and if the jury believe the plaintiff's injuries are of a permanent character, they ought to estimate their extent, and add to the above damages a sufficient amount to reasona-bly compensate plaintiff for such permanent injury to his person.

Instruction given by the court—No. 1.

By negligence on defendant's part, is meant the negligence of himself and his agents or servants, but not the negligence of parties working on the building under contracts with de-fendant, exercising an independent calling and not subject to his control; nor the negligence of the employees of such

parties, unless their negligent acts were done by defendant's order. And in determining whether defendant was negligent or not, the jury should take into consideration the material of which that part of the building, by the falling of which plaintiff received the injuries, was constructed, and the manner in which such material was to be used by the terms of the contracts read in evidence.

Instruction given by the court.—No. 2.

If the jury believe from the evidence that the fall of the floor and wall of the building on Walnut street, which was being erected for defendant, was not occasioned by any negligence or unskillfulness of defendant, or of any person employed by him, and working under his control, they will find for defendant, even though they may find that such fall was occasioned by the carelessness or unskillfulness of some of the hands employed by, and under control of, the contractors who were putting up said building for defendant.

Instruction for defendant—No. 1.

The court instructs the jury, that the defendant is not responsible for the injury sustained by the plaintiff, unless it was occasioned by the negligence of himself, or of those employed or controlled by him. If, therefore, the jury believe from the evidence, that the work upon the building, where plaintiff was injured, had been let out by defendant to mechanics and builders, under contracts, and that at, and previous to, the time of the accident, they were performing said work under said contracts, and that said work was not under the direction of defendant or his servants, then they will find for defendant, even though the jury may believe the fall of the building may have been occasioned by the negligence of said contractors or their employees; if the negligence of defendant or his agents or servants did not occasion said fall.

Instruction for defendant.—No. 2.

The court instructs the jury, that they will disregard all testimony concerning the condition and fall of the walls of

the church, unless such fall was occasioned by the negligence of defendant or his servants, and also contributed to the fall of the parsonage wall by which plaintiff was injured.

There can be no objection taken to these instructions. The defendant had the law explained to the jury as he asked. After the jury took the case, they reported that they could not agree, and some of them stated that they wished to know how far defendant was responsible for the acts of those working upon said building after the contractor took charge of it, or whether defendant's responsibility continued through the period of putting up said building, also what constitutes a man an agent or servant of defendant and makes him responsible for his acts. The court declined to instruct the jury further than the instructions we have quoted.

The plaintiff having got a verdict, and the case being taken to the General Term and from there appealed to this court, the only question which this court is authorized to examine is the propriety of the instructions. And to these instructions, abstractly considered, there is no serious objection made, but it is urged that the evidence did not authorize them.

There can be no question of the liability of defendant, if the damage resulted from inherent defects in the old wall, which the contractors were directed to make use of in the new building, or if the removal of the floors and the construction of the new wall were accomplished under the directions of the defendant previous to the letting of the work to contractors, and so unskillfully or negligently arranged as to have caused the injuries complained of, and the instructions so declared the law, and the authorities cited in the brief of plaintiff's counsel, if any are needed on such a point, sustain the instructions. Indeed, no serious objection has been made to them, except that the evidence did not support the hypothesis on which they are based.

The evidence, as is usual in such cases, is very contradictory, somewhat obscure, and consists very much of opinions of architects, mechanics and workmen, who differ very much in re-

gard to the causes of the disaster. There is no question of law involved. The court might be of opinion, that the preponderance of opinion on the part of the witnesses was decidedly for the defendant, but the law has intrusted the decision of such matters to another tribunal, and with this decision the court has no power to interfere.

The court that tried the case very properly declined to give additional instructions. The instructions given applied to all the points upon which the jury sought additional instructions. It was impossible to make them more specific upon either point of defense relied on. As to rendering judgment on a verdict found before the death of plaintiff, our statute (Wagn. Stat., 1050, § 7,) expressly authorizes it, notwithstanding his subsequent death, and the statute is merely a codification of the common law, which never allowed a delay occasioned by the court to change the condition of a suit. There is nothing in the point that a jury trial was requisite upon the motion to make the administrator a party. Juries are not necessary to the decision of a motion.

Judgment affirmed. The other judges concur.