KATE NEUMANN, Appellant, v. THE GREENLEAF REAL ESTATE COMPANY, Respondent.

### St. Louis Court of Appeals, January 18, 1898.

1. **Contract, Building**: IN COMPLETE PLANS AND SPECIFICATIONS: LIABILITY OF OWNER. Where a contractor was employed to erect a building, and the plans and specifications furnished him by the owner were incomplete in failing to specifically designate the depth of the foundation along its entire length, but the, omission could not have misled him, the blame, if any, was on the contractor.

2. **Damages**: NEGLIGENCE: EVIDENCE. In an action for damages to plaintiff's house and interior from the falling of a wall being erected on an adjoining lot owned by defendant, caused by the sagging of the wall, alleged to have been due to the negligence of defendant in improperly laying the foundation, of which it was contended defendant was advised, defendant could not be held, where there was no substantial evidence that he knew the wall had sagged.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*Montague Punch* for appellant.

If the injury arose from, and was occasioned by the use of defective plans, the owner of the property is responsible, although the work was done by an independent contractor. *Lancaster v. Ins. Co.*, 92 Mo. 465; *Horner v. Nicholson*, 56 *Id.* 222; *Crenshaw v. Ullman*, 113 *Id.* 640. See, also, *Welch v. St. Louis*, 73 Mo. 73; *Long v. Moon*, 107 *Id.* 340; *Blake v. St. Louis*, 40 *Id.* 561; *Bassett v. St. Joseph*, 53 *Id.* 290; *Russell v. Columbia*, 74 Mo. 490.

When a proprietor undertakes to do something upon his land, which, however necessary, is in its nature dangerous to adjacent proprietors, he is under an obligation to them to use reasonable care so as not to work a trespass upon their possession; and it is immaterial whether the work is done by the proprietor or by an independent contractor. *Dillon v. Hunt*, 11 Mo. App. 248, 249; *Long v. Moon, supra; Dillon v. Hunt*, 105 Mo. 161; *Crenshaw v. Ullman, supra; Stone v. Hunt*, 94 Mo. 479; *Horner v. Nicholson, supra*. See, also, *Brannock v. Elmore*, 114 Mo. 63; *Roddy v. R'y*, 104 *Id*. 248.

*V. M. Porter* for respondent.

Where a person contracts with another, exercising an independent calling, to do a work for him according to the contractor's own methods, and not subject to his control or orders, except as to the results to be obtained, the former is not liable for the wrongful acts of such contractor or his servants. *Long v. Moon*, 107 Mo. 334; *Fink v. Furnace Co.*, 82 *Id*. 276; *Clark's Adm'r v. R. R.*, 36 *Id*. 202; *Morgan v. Bowman*, 22 *Id*. 538; 2 Thomp. on Neg., sec. 22, p. 899.

If the owner exercises reasonable care in furnishing plans and specifications which do not call for or permit any unsafe construction; employs an independent contractor of good standing to erect a structure according to the plans and specifications; and exercises no control over the methods or actions of the contractor and his servants; the construction is not in itself dangerous, the owner is not responsible for injuries that may result from acts of the contractor or his servants during the period of construction. *Dillon v. Hunt*, 11 Mo. App. 248; *Same v. Same*, 82 Mo. 150;

105 *Id.* 154; *Lancaster v. Ins. Co.*, 92 *Id.* 460; 2 Thomp. on Neg., sec. 22, p. 899.

Even had the owner been guilty of negligence in respect to said building, in order to fasten the liability on him it must be shown that the negligent act was the direct and proximate cause of the injury. *Hicks v. R. R.*, 46 Mo. App. 304; *Morrison v. Davis*, 20 Pa. St. 171; *Daniels v. Ballentine*, 23 Ohio. St. 532; *R. R. v. Reeves*, 10 Wall. 176; *Snelling v. McDonald*, 14 Allen. 292; 1 Suth. Dam. 23.

BIGGS, J.—Plaintiff is the owner of a house situated on a lot fronting on Market street in the city of St. Louis. The defendant is the owner of the adjoining lot on the east. In May, 1896, the defendant employed a contractor to erect a one story brick building on its lot. The construction of the building was commenced about the twenty-fourth or twenty-fifth of May, 1896. The foundation of the west wall was about seven feet east of the line dividing the two lots. On May 27, this wall, while in an unfinished condition, fell upon plaintiff's house, causing damage. The plaintiff sues in this action for the expenses incurred in repairing her house. The allegations of negligence are that the defendant failed to have the foundation of the building of the depth and secured in the way provided by the ordinances of the city, thereby rendering the wall insecure, and further that by reason of such faulty construction of the foundation the wall became out of plumb, thereby rendering it insecure and dangerous, of which the defendant had knowledge, and that thereafter the defendant negligently permitted the contractor to proceed with the construction of the wall. At the close of the plaintiff's evidence the circuit court instructed the jury to return a verdict for the defendant. The plaintiff has appealed.

It is conceded that the wall fell and that the plaintiff's house was damaged. The defense was that the construction of defendant's building was under the control of an independent contractor, and that if the damage sustained by plaintiff was the result of defects in the foundation wall of defendant's building, the fault was that of the contractor.

CONTRACT: build-
ing: incomplete
plans and spec-
ifications: liabil-
ity of owner.

It is conceded that the work was done by an independent contractor. The rule of law is also conceded "that one who has contracted with a competent and fit person, exercising an independent employment, to do a piece of work, not in itself unlawful or attended with danger to others, according to the contractor's own methods and without his being subject to control, except as to the results of his work, will not be answerable for the wrongs of such contractor, his sub-contractors or his servants, committed in the prosecution of such work." 2 Thompson on Neg., sec. 22, p. 899; *Crenshaw v. Ullman*, 113 Mo. 633. The only question for us to decide is whether the evidence of plaintiff was sufficient to take her case out of the rule, that is, *first*, was there evidence tending to prove that the contractor was not a fit person to be intrusted with the work; *second*, was the construction of the work necessarily dangerous to adjacent property; *third*, was the defendant negligent in failing to furnish the contractor with proper plans and specifications; *fourth*, did the defendant permit the contractor to continue the construction of the wall after notice of its dangerous condition, or lastly, did the defendant exercise any control over the construction of the building? There was no evidence whatever to support the first and last exceptions, hence they may be put aside.

Neither does the second proposition need to be discussed. The defendant's building was only one

story high, and the foundation of its west wall was seven feet from the east wall of plaintiff's house.

The third and fourth propositions present questions of more difficulty. The supreme court has decided in a general way that it is the duty of the owner of a building to furnish the contractor with proper plans and specifications. In the case at bar the evidence tends to show that the plans only called for the depth of the foundation of the west wall at one end, which was two and one half feet, the depth required by ordinance, and that the foundation at that point was constructed in accordance with the plans. As to the other portions of the foundation the evidence was that the depth varied from one and a half to two feet, which rendered the wall insecure. It is of this that the plaintiff complains. It may be said that the plans were incomplete in that they failed to specifically designate the depth of the foundation along its entire length, but the omission could not have misled the contractor, as the depth of the foundation at one point was a sufficient direction to him to construct the entire foundation of at least that depth. This puts the blame (if any) on the contractor.

There was some evidence tending to prove that on account of the alleged defects in the foundation the west wall sagged or became out of plumb, and that this occurred the day before the accident. The plaintiff contends that there was some evidence that the defendant was advised of the dangerous condition of the wall, and being so advised it was its duty to order the work discontinued, or have the defect remedied; and having failed to do either, it must pay the damage sustained by plaintiff.

DAMAGES: negligence: evidence.

The difficulty with this contention is that there is no substantial evidence that the defendant knew that

the wall had sagged. There was some trouble with the wall at the rear end, of which the defendant was advised, but the wall did not fall at that point.

Our conclusion is that the circuit court was right in its direction to the jury, and hence the judgment will be affirmed. All the judges concur.