Carson v. Blodgett Construction Co.

CHARLES CARSON, Respondent, v. BLODGETT CONSTRUCTION COMPANY, Composed of A. M. BLODGETT, L. G. BLODGETT and JOHN A. BLODGETT, Partners, and C. M. KNIGHT, Appellants.

Springfield Court of Appeals, March 20, 1915.

1. **NEGLIGENCE: Blasting: Personal Injuries from Flying Stone: Work Inherently Dangerous.** Action for personal injuries occasioned by rock and debris thrown up by explosives used in excavating for a building, which rocks and debris fell on a traveller on an adjacent street. Defendants, who had a contract for the erection of the building cannot escape liability on the ground that the work of blasting and excavating had been delegated to an independent contractor, the work being of such a character as to be inherently and intrinsically dangerous unless proper and active precautions are taken to avoid injury to others.

2. ———: ———: ———: **Liability.** The use of high explosives in blasting near a public highway, is so fraught with danger that the person using same is *held* liable for injury done thereby to the person or property of another without proof of negligence.

3. ———: **Injuries: When Liability on Employer.** Where certain work is inherently and intrinsically dangerous and the danger arising from the doing of the work requires preventive care to insure safety, the employer is liable notwithstanding the persons employed are independent contractors.

4. ———: ———: **When Liability on Independent Contractor.** Where certain work is dangerous only by reason of the negligence of an independent contractor in the method of doing it, the liability falls on the independent contractor and not on the employer.

5. **MASTER AND SERVANT: Injuries: Independent Contractor: Inherent Dangers: Failure to Take Precaution.** Where certain work is dangerous in and of itself and is delegated to an independent contractor who fails to take necessary precautions in the manner of doing it, both the employer and the independent contractor are liable for injuries to others and may be jointly sued.

6. ———: **Respondeat Superior: Applicable to Contractor and Subcontractor.** The rule of *respondeat superior* applies between a contractor and subcontractor where liability is based on same for acts of an independent contractor doing work inherently dangerous, the same as between owner and contractor.

7. **APPEAL AND ERROR: Harmless Error: Question of Law to Jury.** Although the trial court may have erred in submitting to the jury the interpretation of a certain contract in an action for personal injuries, yet where the finding of the jury on that question is immaterial and the result is the same as if the court had so declared as a matter of law, the error is a harmless one.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Sebree & Orr* for appellants.

(1) There was an entire failure of proof of the allegations of the petition as to the Blodgett Construction Company, or any of its members and the trial court should have sustained the demurrer interposed at the close of plaintiff's evidence as to said defendant. Plaintiff must recover if at all upon the cause of action pleaded. Compton v. Railroad, 126 S. W. 821, and cases cited. (2) The court erred in giving instruction number 1 on the part of the plaintiff. Because: (1) It is not based on the evidence or any evidence that the Blodgett Construction Company were in any way guilty of the negligence charged; (2) It allows the jury to construe the written contract read in evidence and to reach conclusions of law. Brannock v. Elmore, 21 S. W. 451, and cases cited.

*Watson & Page* for respondent.

(1) Under the very fundamental principles of all law, he who employs another to do a given thing, does it himself. The maxim, *"Qui facit per alium, facit*

*per se,"* is as old as the common law. If the Blodgett Construction Company hired McFarlane and Knight to do the work, they did it themselves, and a statement that they were doing the work, so far as the demurrer to the evidence is concerned, is supported by proof that they hired McFarlane and Knight to do it. Bank v. Lumber Co., 121 Mo. App. 324; Ingwerson v. Railroad, 116 Mo. App. 144-7. (2) The fact that the petition in this case alleges that defendants were doing the work, while the evidence shows that they hired McFarlane and Knight to do it, at most constitutes only a variance. No complaint was made at the trial that defendants were surprised or misled. No affidavit was filed as required by our statutes (R. S. 1909, sec. 1846). In fact, the very point here made as to the variance between the allegations and the proof was waived by defendants' answer, in which he alleges that McFarlane and Knight were employed by plaintiffs to do the work. Carson v. Quinn, 127 Mo. App. 535; Jackson v. Powell, 110 Mo. App. 252; citing many other cases. (3) The work of excavating with dynamite was intrinsically dangerous and attended with great danger to others and defendant cannot escape liability on the independent contractor theory. Salmon v. Kansas City, 241 Mo. 14, 41; 4 Dillon on Municipal Corporations, sec. 1723; Brannock v. Elmore, 114 Mo. 55, 62, 63; Loth v. Theatre Co., 197 Mo. 354; Wiggin v. St. Louis, 135 Mo. 568; citing many cases; Press v. Penny, 114 S. W. 76; Fitzsimmons & Connell Co. v. Fitts, 199 Ill. 394; Chicago v. Murdock, 212 Ill. 12. (4) The instructions complained of are not properly before this court for review, because no timely objection was made to the giving of them or any of them. No objection was made to the giving of the instructions at the time, and the first objection shown by the record was shown in the motion for new trial. This was too late. It is elementary that an objection to the giving or refusing of instructions made for the first time in the motion for

new trial, will not avail.  The objection must be made at the time.  Lefkow v. Allred, 54 Mo. App. 143; Welch v. Mining Co., 151 Mo. App. 444; State v. Reed, 143 Mo. App. 583; R. S. 1909, sec. 2081.

STURGIS, J.—This case is here on appeal of the Blodgett Construction Company, a copartnership, herein designated as the defendants.  The personal injury for which plaintiff sues grew out of blasting done in excavating for the basement of a building being erected on a street corner in Springfield, Missouri. The defendants had a contract to erect this building for the owners.  It in turn contracted with the firm of Mc-Farlane & Knight to do all the excavating, which carried with it the duty to do considerable blasting as the excavation was largely in solid rock.  The plaintiff was injured on the public street, along which he was driving in a buggy, by reason of a heavy blast being discharged, resulting in rocks, pieces of timber, etc., being hurled high in the air and falling in such street. There is no question as to the cause or extent of plaintiff's injury.

The petition contains these allegations: "Plaintiff further states that in making the excavation for the building aforesaid, the defendants, their employees, agents and servants, made use of large quantities of high and dangerous explosives in blasting the stone in said excavation, and that the use of said high and dangerous explosives at the said place, made dangerous the use of the streets aforesaid adjacent to the said place, for the reason that the explosion of blasts at said place was likely to frighten horses on said streets, adjacent thereto, and was likely to throw into said streets, large quantities of rock, timbers and other debris from the said blasts, and thus cause injury to those persons using the said streets, all of which the defendants, and each of them, well knew, or by the exercise of due care might have known. . . .  Plain-

tiff further states that his injuries were caused solely by the negligence and carelessness of the defendants, in that they negligently and carelessly failed and neglected to warn plaintiff of his danger in time for him to reach a place of safety before the discharge of the said blast, and by the negligence of the defendants in so managing the said blasting as to cause large quantities of stones, rocks, timbers and other debris to be thrown into and upon said North Campbell street, at and about the place where plaintiff was at the time, thereby frightening the horse which plaintiff was at the time driving, and thus causing the injuries of plaintiff herein complained of.''

Besides a general denial, the answer pleads that, while defendants were the contractors for erecting the building including the excavation, they sublet the work of excavating for said building to the firm of McFarlane & Knight, who became and were independent contractors as to such work. There is no question but that this latter firm was in sole charge of and did the blasting which caused plaintiff's injury. The contract between these parties is in evidence and it is hardly controverted, and we have no difficulty in holding, that, so far as the contract is concerned, the blasting was done by independent subcontractors. The jury found, and defendants accept such finding as conclusive on this appeal, that the subcontractors were guilty of actionable negligence in not giving plaintiff sufficient and timely warning of the impending danger and in discharging the blast before plaintiff had time or opportunity to leave the danger zone.

The case here turns largely on the question of defendants' liability for the acts of these subcontractors. The defendants seeks to escape liability on the well known principle which exonerates the owner or other employer from the negligent acts of an independent contractor. A statement of this rule will be found in Loth v. Columbia Theatre Co., 197 Mo. 328, 354, 94 S.

W. 847, and in Meumann v. Real Estate Co., 73 Mo. App. 326, 329. The plaintiff in turn invokes the equally well established exception to that rule, that where the work to be done under the contract is inherently dangerous, especially to the public, then the responsibility cannot be shifted or delegated to an independent contractor. This exception to the rule is stated in 26 Cyc. 1559, thus: "Another exception to the general rule, closely related to the one just considered, is that where the work is dangerous of itself, or as often termed is 'inherently' or 'intrinsically' dangerous, *unless proper precautions are taken,* liability cannot be evaded by employing an independent contractor to do the work. Stated in another way, where injuries to third persons must be expected to arise unless means are adopted by which such consequences may be prevented, the contractee is bound to see to the doing of that which is necessary to prevent the mischief. The injury need not be a necessary result of the work; but the work must be such as will probably, and not which merely may, cause injury if proper precautions are not taken. This rule is most often applied to work which is dangerous to persons using streets or highways, such as excavations in or adjacent to streets, including the construction of a street railway or other like work." The same rule is announced in 1 Thompson on Negligence, secs. 645, 652 and 771.

It seems to be well established that the use of high explosives in blasting, especially in a populous neighborhood or near a public highway, is so fraught with danger that the person using same for that purpose is held liable for injury done thereby to either the person or property of another without proof of negligence. [Hoffman v. Walsh, 117 Mo. App. l. c. 286, 93 S. W. 853; Blackford v. Heman Const. Co., 132 Mo. App. l. c. 162, 112 S. W. 287; 1 Thompson on Negligence, secs. 770, 771; Sullivan v. Dunham, 161 N. Y. 290, 47 L. R. A. 715.] In 19 Cyc. 8, the law is stated thus: "It has

been held that where one is injured by falling stones or other debris, caused by blasting, while traveling upon the highway, the persons conducting the work are liable therefor, regardless of the care used in its prosecution and a recovery cannot be defeated by the fact that there was no negligence in the prosecution of the work.''

The fact is conceded in the present case that defendants employed the firm of McFarlane & Knight to do this blasting on a city lot immediately adjacent to a much traveled street—the street on which plaintiff was traveling when injured. Can the original contactors escape liability for this injury on the ground that the persons employed by them to do this work were employed as independent subcontractors rather than as ordinary servants?

The authorities generally hold that when the work to be done is inherently or intrinsically dangerous and the danger arises from the doing of the work and requires preventive care to bring about safety, then the employer is liable notwithstanding the persons employed are independent contractors. The distinction seems to be that if the doing of the work necessarily causes danger which must be guarded against, then the employer must see to it that such dangers are guarded against and cannot relieve himself by casting this duty on an independent contractor. If, however, the work is dangerous only by reason of negligence in doing it, then the liability falls only on the independent contractor. In the one case the doing of the work creates danger and requires active care to counteract the danger. In the other there is no danger unless created by negligence. The one starts with danger and requires preventive care to make safety, while the other starts with safety and requires negligence to make danger. This distinction is expressed in 4 Dillon on Municipal Corporations, sec. 1723, quoted by our Supreme Court in Salmon v. Kansas City, 241 Mo. l. c. 42,

145 S. W. 16, and there said to be the true rule, as follows: *"Where the work contracted for necessarily constitutes an obstruction or defect in the street, of such a nature as to render it unsafe or dangerous for the purposes of public travel, unless properly guarded or protected,* the employer (equally with the contractor), where the injury results directly from the acts which the contractor engaged to perform, is liable therefor to the injured party. But the employer is not liable where the obstruction or defect in the street causing the injury is wholly collateral to the contract-work, and entirely the *result of the negligence* or wrongful acts of the contractor, subcontractor, or his servants. In such a case the immediate author of the injury is alone liable." The same principle is well expressed in the Texas case of Missouri Valley Bridge & Iron Co. v. Ballard, 53 Tex. Civ. App. 110, 116 S. W. 93, 98, as quoted at page forty of the Salmon case, supra, and should be read as a part of this opinion.

In Loth v. Theatre Co., 197 Mo. 1. c. 354, 94 S. W. 847, this principle was applied in a case where a theatre company, having charge of a building, employed an independent contractor to change at intervals the lettering of a large electric sign projecting over a sidewalk, necessitating the raising and lowering of such sign in so doing. A pedestrian was injured by reason of a failure of the conductor to take such precautions and use such means in lowering the sign as to prevent injury to those using the sidewalk. The gist of that case is that the raising and lowering of the sign was so inherently dangerous that it required positive and preventive care to make such work safe and that the duty to take proper precautions to avoid injury to one rightfully on the sidewalk could not be cast on an independent contractor so as to relieve the employer. The court there said: "But the injury in the case at bar resulted directly from the acts called for and made necessary by the contract, that is, the changing and re-

placing of the sign, and not from acts which were merely collateral to the contract, and if by the negligence and carelessness of the men handling the sign it fell and injured plaintiff, the company is liable *as if it had directly performed such acts.* [16 Am. & Eng. Ency. (2 Ed.), 196.]" [See, also, Wiggin v. City of St. Louis, 135 Mo. 558, 37 S. W. 528; Crenshaw v. Ullman, 113 Mo. 633, 20 S. W. 1077; Horner v. Nicholson, 56 Mo. 220.]

There are many cases holding that the use of dynamite in blasting is inherently dangerous and that courts must take judicial knowledge of that fact especially when so used in populous cities or so near to public highways as to bring same within the danger zone. [Fitzsimmons & Connell Co. v. Braun & Fitts, 199 Ill. l. c. 394, 65 N. E. 249; City of Chicago v. Murdoch, 212 Ill. l. c. 12, 72 N. E. 46; Gaslight Co. v. Borough of Norwalk (Conn.), 28 Atl. 32, 39.] Our Supreme Court, in Salmon v. Kansas City, supra, speaking on this point, said: "It is said that blasting is intrinsically dangerous, and that therefore the city is liable for injury resulting therefrom. The doctrine as laid down in this regard by the authorities is that the city cannot escape whatever duty arises from the use of this dangerous agency by delegating the act to an independent contractor. . . . All of the cases relied upon deal with injuries inflicted upon persons disconnected from the work, as for instance, passers-by on the street or adjacent property-owners, and where the injury results from the violent expulsion of rock or earth incident to a blast. No man can tell where a rock hurled into the air without direction will fall, and therefore danger to persons and property in the vicinity is to be anticipated, and so far as possible to be guarded against." In the present case, however, this question was submitted to the jury and the jury found that the street in question was in fact made dangerous by this blasting.

The court in the Salmon case, supra, was dealing with a blasting case in which the person injured was a servant of the independent contractor and, by a much divided court, it was held that the liability of the employer did not include injury to the servant of the independent contractor who was injured, not by the explosion of a blast in the usual and necessary course of the work, but in a collateral way because of the negligence of his master in failing to discover and remove an unexploded blast. The court held that the employer would not be liable to a servant of the independent contractor injured in that way and distinguishes that case from others in which "the injury results from violent expulsion upon the street and adjacent property of rock and earth," as contemplated by the contract, because "the expulsion of rock and earth occurs in the proper execution of the work."

We have noticed this Salmon case, supra, at length because defendants insist that it is inconsistent with and in effect overrules the case of Loth v. Theatre Company, supra, on the point now for decision and as to which we have quoted from that case. In this we think the defendants are in error as a reading of that case will show; and especially so as it quotes with approval (page forty-two of the Salmon case, supra), the same quotation from the Loth case which we have adopted as a part of this opinion. What the court said in that case as to work in blasting not being inherently dangerous was said, not of the expulsion of rock with high explosives—the very object of blasting—but of the incidental and collateral work of avoiding accidental explosions. Many authorities recognize this distinction. [1 Thompson on Negligence, sec. 685; 26 Cyc. 1560, 1561, and cases cited in notes.]

Applying this principle to this case we find that the blasting in question was being done in dangerous proximity to a much traveled street; that when using

care in doing the blasting pedestrians on the street were in such danger as required the keeping of a watchman to warn travelers thereof and to keep the street clear at the time of discharging blasts; that the plaintiff's injury resulted from a blast discharged in the regular course of the work and from the very thing which a blast was likely to produce, to-wit, the hurling of rock and debris in uncertain directions and to uncertain distances. The blasting, therefore, was inherently dangerous to the extent that it required "needed precautions" to overcome this danger and, as we have seen, in such cases the duty to see that such precautions were taken cannot be delegated to an independent contractor so as to relieve the employer.

It seems that in such cases both the employer and independent contractor are liable and can be sued jointly. [1 Thompson on Negligence, sec. 685; Robbins v. Chicago, 71 U. S. 1. c. 679, 18 L. Ed. 427, cited in Loth v. Theatre Company, supra.]

The defendants also insist that the rule of *respondeat superior* which applies between the employer and an independent contractor in doing work inherently dangerous, is confined to the owner or proprietor of the property on which, or in connection with which, the dangerous work is being done and that it does not apply as between an independent contractor and an independent subcontractor, as is this case. No authorities are cited as so holding and what we have found are to the contrary. [26 Cyc. 1556; 1 Thompson on Negligence, sec. 689.]

Defendants criticise the petition and the instructions given because the one charges and the other hypothesizes defendant's liability on negligence in failing to give plaintiff timely warning that the blast was about to be exploded in connection with exploding the blast so near the street as to cast rock and debris onto the same where plaintiff was at the time. It is true that this negligence was the direct act, or failure to act,

of the subcontractor, but, if the duty to take this precaution rested with the defendants, notwithstanding they were doing the work through an independent subcontractor, the failure in this regard is the negligence of the employers and was properly so charged.

Defendants' contention is correct that the court should not have submitted to the jury the interpretation of the contract making McFarlane & Knight independent contractors, as such is a question of law, but the finding of the jury on that issue is immaterial and the result is the same as if the court had so declared as a matter of law.

Finding that the case has been properly tried, the judgment will be affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur, the latter filing a separate opinion.

## CONCURRING OPINION.

FARRINGTON, J.—I write this concurring opinion in view of the fact that in oral argument and by a supplemental brief counsel for appellants laid much stress upon the contention that in all of respondent's cases cited in which the employer was held for the act of the independent contractor the employers were always proprietors—either owners or lessees of the premises or property or owned some special interest therein—and that while the rule would apply to that relation because of the well-known maxim that "No one shall use his own property in a manner that will injure the person or property of another," it would not fasten such liability on a mere contractor who had sublet certain employment to an independent subcontractor.

I do not think the rule is founded on any such relationship but rather on the ground that where one owes a duty to do a certain thing it then becomes his further duty to so perform it as not to injure or damage the person or property of another.

The contractors (defendant construction company) had by the contract agreed to perform certain work. It was their duty to the landowner to do it. By their contract they had sufficient possession and control of the property to carry on that work. Their possession for that purpose was no less complete than a lessee's possession of premises for the purposes of the lease, and there are many reported cases holding that a lessee will be responsible when the injury, such as occurred in this case, follows from the work, taking it out of the general rule as to independent contractors. [Loth v. Columbia Theatre Co., 197 Mo. 328, 94 S. W. 847.]

After defendants had entered into a contract and it became their duty to do this excavating, no reason suggests itself why they should owe any less degree of care to third persons than the proprietor of the land. The rule is based upon the doctrine of due care rather than on the ownership of the land or premises.

In the case of Baumeister v. Markham, 101 Ky. 122, 72 Am. St. Rep. 397, where the original contractor was held for the act of a subcontractor who was carrying on certain work under a subcontract, the following language was used: "Of course, the same duty is put upon and same liability for nonperformance of it is incurred by the principal contractor in temporary possession of real property for erection of a building thereon, and during prosecution of the business by a subcontractor. Besides, although the owner, or, as in this case, the original contractor is not generally answerable for negligence or wrongful act of an independent contractor or subcontractor, special circumstances may exist making him so."

In the case of Creed v. Hartman, 29 N. Y. 591, the same defense was tendered as is made by the defendants here. The plaintiff recovered from the contractor for negligence occasioned by one Brady, a subcon-

tractor of the defendant, and the special defense was made "that the defendant, not being the owner of the premises, was not liable in this action."

The case of The St. Paul Water Co. v. Ware, 16 Wall, 566, 21 L. Ed. 485, although not entirely clear, would seem from the opinion to be a recovery by plaintiff against a contractor who had sublet the work. [See, also: 1 Thompson on Negligence (2 Ed.), sec. 689, p. 625; and 26 Cyc. 1556.]

Upon reason and authority this contention made by the appellants must be ruled against them. The judgment should be affirmed.