# BEIL v. SAN ANTONIO AMUSEMENT CO. et al.

## No. 9284.

Court of Civil Appeals of Texas. San Antonio.

March 7, 1934.

Rehearing Denied March 28, 1934.

Saunders, Saunders & Whipple and A. H. Lumpkin, all of San Antonio, for appellant.

Eskridge & Groce and Geo. S. Rice, Jr., all of San Antonio, for appellees.

FLY, Chief Justice.

This cause was instituted by George L. Beil, appellant, against Meyer Reich, Publix Theatres, Inc., and the San Antonio Amusement Company, to recover damages for injuries received by appellant while passing along the sidewalk and being inflicted by a cold-chisel that dropped from above the sidewalk where workmen were engaged in placing a sign for the appellee San Antonio Amusement Company in front of its place of business. The San Antonio Amusement Company defended against the charge on the ground that it was not responsible for the accident because the workman who dropped the chisel was not in its employ but was in the employ of Meyer Reich, an independent contractor.

The cause was heard by a jury on special issues, and at the conclusion of the testimony the court. instructed the jury to return a verdict in favor of appellees San Antonio Amusement Company and Publix Theatres, Inc. The jury returned answers as to Meyer Reich, the independent contractor, and found a verdict in favor of the other two defendants as instructed by the court. Upon the answers of the jury to the special issues the court rendered judgment in favor of appellant against Reich for the sum of $1,500 and against appellant as to the defendants San Antonio Amusement Company and Publix Theatres, Inc. From that judgment appellant alone perfected an appeal. No complaint is made as to the judgment in favor of Publix Theatres, Inc., and consequently no further notice will be taken of that corporation in this opinion.

The facts show that Reich was an independent contractor who had been employed by the San Antonio Amusement Company to erect and repair a sign in front of its premises.

The case comes before this court upon an agreed statement of all the facts, and consequently no question of fact is presented, and it is admitted by appellant that the sole question for decision in this court is: Did the San Antonio Amusement Company have the power and authority to delegate to an independent contractor the erection and repair of the sign and thereby escape all liability for the accident, as the owner of the property?

The sign being erected by Reich was probably forty feet above the sidewalk and did not necessarily involve anything being done on the sidewalk which might become dangerous to pedestrians passing along. The whole of the work to be accomplished was far above the easement in favor of those using the sidewalk below. There was no necessity growing out of the work to be done that in any manner created a dangerous condition on the sidewalk. In the performance of the terms of the contract there was no necessity for interfering in any manner with the safe use of the sidewalk, and in order to create any danger an act of negligence would be required in order to injure any one. As the facts in this case indicate, the accident by which appellant was injured did not occur from the erection or repair of the sign, but from an act of negligence of one of the employees of the independent contractor employed to work on the sign. The negligence consisted in the dropping of the chisel on the person of appellant as he was passing along the street. It would seem that no warning to pedestrians under the circumstances was necessary, because it was obvious to any one that labor was being performed on the sign in front of the premises of the Amusement

Company. No warning was possible against the intervening negligence of a workman employed in the erection of the sign. If the injury to appellant had resulted from the erection of the sign itself, it may be that the owner of the property might be held liable for injuries inflicted in such erection. This case is not a parallel one with cases involving the erection of obstructions on a sidewalk. For instance, when it necessarily becomes a part of the work of the independent contractor to dig ditches across the sidewalk, that was necessarily a part of the work for which he was employed and the landowner would be held responsible for the necessary digging of the ditch or the placing of an obstruction on the sidewalk. In all of the cases cited in regard to obstructions placed on the sidewalk by the independent contractor, they were necessarily a part of the work for which the owner of the land had contracted, and such owner could not by delegating such authority to others evade a responsibility for acts growing directly out of the performance of the contract with the contractor. While this may seem like a fine and delicate distinction, it is one which we think is clear and should be applied in all cases arising from work performed by an independent contractor. The theory advanced is well sustained by decisions of some of the most highly respected courts in America. In the case of Davis v. John L. Whiting & Son Co., 201 Mass. 91, 87 N. E. 199, 200, by the court of last resort in Massachusetts, the principle propounded was sustained thoroughly. In that case an independent contractor had been employed by an owner of a building fronting on a sidewalk to paint the shutters on the building. While engaged in this work, through some negligence on the part of the independent contractor, one of the shutters was dislodged, fell to the walk, and injured a pedestrian. It was held by the Massachusetts court that the owner was not liable for damages to the injured person: "The cases in which this liability exists are generally where the defendant contracts for the creation of a condition of his property, or for a use of his property, which condition or use necessarily causes danger to others, unless precautions are taken to protect them from the consequences of such condition or use. One who brings into existence such a danger, even if he does it through an independent contractor, ought to guard against the probable effect of it. But

the principle does not apply to cases where the danger does not come from the condition of the property or the use of it with proper skill and care, but comes only from an unskillful or negligent act of the contractor or his servants, even if a lack of skill or care on the part of some of the persons engaged in the business reasonably may be expected."

In the Massachusetts case another case arising in that court was quoted as follows: "The accident was caused by the act of the contractor in doing what it was not necessary for him to do and what he did not intend to do. If it had been necessary for him to topple the chimney over into the street, or remove the bricks by letting them fall into it, or the contract had contemplated such action, the instructions would not have been objectionable. But as this was not necessary or intended, the work could not be classed with work which, if properly done, was ordinarily attended with danger to the public."

In the Missouri case of Carson v. Blodgett Construction Co., 189 Mo. App. 120, 174 S. W. 447, 448, the court in discussing the question now before this court held: "The distinction seems to be that if the doing of the work necessarily causes dangers which must be guarded against, then the employer must see to it that such dangers are guarded against, and cannot relieve himself by casting this duty on an independent contractor. If, however, the work is dangerous only by reason of negligence in doing it, then the liability falls only on the independent contractor. In the one case the doing of the work creates danger and requires active care to counteract the danger. In the other there is no danger unless created by negligence. The one starts with danger and requires preventive care to make safety, while the other starts with safety and requires negligence to make danger."

The rule stated is well sustained by decisions of courts of numerous states of the Union, and there can be no doubt that it is sustained by the best judicial authority in America.

It follows from the long line of judicial decisions on the subject that the court below did not err in instructing a verdict in favor of the San Antonio Amusement Company, for whom the sign was being erected by an independent contractor.

The judgment will be affirmed.