Kenneth BRANDT, Plaintiff–Appellant,

v.

MISSOURI PACIFIC RAILROAD COM-
PANY, Bakewell Corporation, Edward
L. Bakewell, Jr., C.E. Jarrell & Associ-
ates, Defendants–Respondents.

No. 56809.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 6, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 11, 1990.

Application to Transfer Denied
May 15, 1990.

Gray & Ritter, P.C., Paul J. Passanante
and M. Jane Matoesian, St. Louis, for plain-
tiff-appellant.

Brown, James & Rabbitt, P.C., Paul S.
Brown and T. Michael Ward, St. Louis, for
Missouri Pacific R. Co.

Kortenhof & Ely, Ben Ely, Jr. and Gary E. Wiseman, St. Louis, for Edward L. Bakewell, Jr.

**KAROHL, Judge.**

Kenneth Brandt sued defendants for personal injuries he suffered while working as an employee of C.E. Jarrell & Associates. Jarrell & Associates contracted with defendants, owners and occupiers of a twenty-two story office building, to install gas boilers to convert the heating system. He alleged performance of the contract necessarily involved an inherently dangerous activity. Two trial judges determined the activity which caused Brandt's injuries was not inherently dangerous. Each judge found "the undisputed facts of the present case constitute mere negligence which could have been prevented by routine precautions of a kind that a careful contractor would be expected to take." Both judges granted summary judgment for some of the defendants. This appeal was filed after the second judgment which disposed of all parties and all issues.

■ Brandt concedes that as a general rule one who contracts with an independent contractor is not liable for the negligent acts of the independent contractor. *Smith v. Inter-County Telephone Co.,* 559 S.W.2d 518, 521 (Mo. banc 1977). He relies on an exception to the general rule, the inherent danger doctrine. Under the exception, one contracting with an independent contractor may not escape liability to an employee of an independent contractor "where the work subcontracted involves a special or inherent danger to others." *Id.* at 521; Restatement (Second) of Torts §§ 416, 427 (1977). A more detailed statement of the exception appears in *Carson v. Blodgett Constr. Co.,* 189 Mo.App. 120, 174 S.W. 447 (1917). The court there considered and applied the exception while affirming a judgment for a plaintiff who was injured by debris discharged into the air by dynamite explosions. Defendants were excavating for a basement. The opinion notes the existence of many cases requiring courts to take judicial notice that the use of dynamite in blasting is inherently dangerous. However, when the issue of dynamite in blasting was submitted to the jury, they found for plaintiff. Under some circumstances application of the general rule or the exception may be a matter of law on undisputed facts.

A detailed analysis of the exception to the general rule written in *Carson* was quoted in *Smith* at page 522 as follows:

The authorities generally hold that when the work to be done is inherently or intrinsically dangerous, and the danger arises from the doing of the work and requires preventive care to bring about safety, then the employer is liable notwithstanding the persons employed are independent contractors. The distinction seems to be that if the doing of the work necessarily causes dangers which must be guarded against, then the employer must see to it that such dangers are guarded against, and cannot relieve himself by casting this duty on an independent contractor. If, however, the work is dangerous only by reason of negligence in doing it, then the liability falls only on the independent contractor. In the one case the doing of the work creates danger and requires active care to counteract the danger. In the other there is no danger unless created by negligence. *The one starts with danger and requires preventive care to make safety, while the other starts with safety and requires negligence to make danger.* [Our emphasis].

In *Smith* the court restated the exception written in *Carson* in terms of the elements of a submissible case under the exception.

To make a submissible case under this exception, our cases have established that the plaintiff must present evidence that: (1) performance of the contract necessarily involves some inherently dangerous activity; (2) the activity which caused the damage was reasonably necessary to the performance of the contract and was inherently dangerous; (3) the one contracting with the independent contractor negligently failed to insure that adequate precautions were taken to

avoid damage by reason of the inherently dangerous activity; and (4) plaintiff's damage was a direct result of such negligence. Inherently dangerous activity is that which necessarily presents a substantial risk of damage unless adequate precautions are taken.

*Id.* at 523.

Our task in the present case is not confined to determining whether the facts developed during discovery would support submitting plaintiff's theory of liability. Liability was alleged on the theory that an employer has a non-delegable duty imposed by law where performance of the contract necessarily involves inherently dangerous activity. Brandt's appeal is from summary judgments in favor of defendants. He claims the trial courts erred in granting summary judgments because application of the inherently dangerous doctrine depends upon questions of fact which remain in dispute. Summary judgment is proper only if summary judgment facts developed in discovery, together with affidavits, show there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law. Rule 74.-04(c). We review the entire record in the light most favorable to plaintiff as the party against whom summary judgment was entered. *E.O. Dorsch Electric Co. v. Plaza Constr. Co.,* 413 S.W.2d 167, 169 (Mo. 1967).

The parties agreed that defendants owned, operated, managed, leased or controlled a twenty-two story office building in downtown St. Louis. Defendant, Missouri Pacific Railroad Company, as lessee of Bakewell Corporation, contracted with Jarrell & Associates to install a flue pipe from the basement to the top of the building. Jarrell & Associates was prepared to use its pipe-threading machine as a hoist to lower the flue pipe into an existing duct in the building. Three employees of Jarrell & Associates, including plaintiff, were on the roof of the building preparing to test the hoist. The machine rested on a tripod. When plaintiff activated the machine as part of the test the machine lurched. One of the three legs struck his hip. It threw him up and across the roof. He landed ten feet away on his neck and shoulder. The tripod legs were not secured in anyway. It was the intention of Jarrell & Associates to use the pipe-threading machine as a hoist to lower sections of pipe from the roof down through existing duct work and to lower employees in a swing seat in a similar manner to make connections of the sections of pipe. The parties do not dispute any of these facts.

■ We recently said the determination of whether an activity is inherently dangerous is a mixed question of law and fact which may be made by a trial judge as a matter of law in certain cases. *Barbera v. Brod–Dugan Co.,* 770 S.W.2d 318, 322 (Mo. App.1989), citing *Hofstetter v. Union Electric Co.,* 724 S.W.2d 527, 531 (Mo.App. 1986). The exception to the general rule does not embrace all the ordinary and customary dangers which may arise in the course of work under contract. *Barbera* at 322.

> In applying the peculiar risk exception the emphasis should be on the 'peculiar' character of the risk, and the need for special unusual care.... (Citations omitted). Furthermore, the exception does not apply where the negligence of the independent contractor creates a new risk, not intrinsic in the work itself. (Citation omitted). If the risk can be eliminated by routine precautions which any careful contractor could be expected to take, the landowner is not liable.

This analysis is consistent with the statement in *Smith,* setting forth the elements of a submissible case under the inherently dangerous doctrine. Particularly, the activity causing damage is necessary to the contract and is inherently dangerous.

■ The question in the present appeal narrows to whether on the above undisputed facts both trial courts could determine, as a matter of law, Brandt was injured performing work which was not inherently dangerous. If, at the time of the injury, Brandt was performing work from a position of safety and the casualty could have been avoided by ordinary care in the performance of his duties then the decision

was available as a matter of law. Under the circumstances it is irrelevant to the application of the inherently dangerous doctrine that Brandt was working on a tall building, that there was a hole from the basement to the roof thirty-six inches in diameter, that materials had been delivered to the roof by helicopter, and Jarrell & Associates intended to lower materials from the roof to the basement with a pipe-threading machine used as a hoist. These are the facts which Brandt contends remain in dispute and from which a trier of fact could determine the activity was inherently dangerous. However, the unsecured tripod could have caused the same events if activated at ground level. Brandt did not fall off the roof. He did not fall down the airshaft. He was not injured by a helicopter. If the use of the pipe-threading machine as a hoist was a dangerous misuse, the fact remains it was not being used as a hoist at the time of casualty. The negligence and sole cause of injury was failure to secure the legs. The event was one which occurred under conditions not inherently dangerous.

■ Work is not inherently dangerous unless it started with danger and required preventive care to make safety. Under the present facts the work Brandt was performing, testing the hoist, started with safety and required negligence to make danger. If the legs of the tripod had been secured Brandt would not have been injured. Defendants may have anticipated inherent danger in lowering employees of an independent contractor down through duct work. There may have been a duty arising from anticipation of such danger to insure use of a safer method for such activity. However, Brandt was not injured under these circumstances. Defendants are not liable under the doctrine for failing to anticipate that the legs of the tripod would not be secured before the machine was tested. The doctrine is not applicable merely because some of the work under the contract includes inherently dangerous activity. *Hofstetter*, at 530. On undisputed facts the particular activity being performed at the time of the injury was not inherently dangerous. The doctrine as an exception to the general rule does not apply as a matter of law.

Brandt relies on *Smith* for the proposition that application of the inherently dangerous doctrine is a question of fact which must be decided by a jury. The Supreme Court in the *Smith* case did not so hold. It found plaintiff made a submissible case on that theory. It held plaintiff did not make a submissible case on the only submitted issue of breach of a contractual duty to control the work and assure safe working conditions. In place of an outright reversal the court determined that Smith made a submissible case and could have submitted a fact issue under the inherently dangerous doctrine. For that reason the Supreme Court remanded for a new trial. It did not consider the question of whether a court could determine, on undisputed facts, whether the doctrine did not apply as a matter of law. The result in *Smith* stands for the proposition the facts may require resolution by a jury under some circumstances.

■ Because we find Brandt was not engaged in an activity which was inherently dangerous when injured it is unnecessary for us to consider his second assignment of error which depends upon a contrary finding. An owner is not liable for negligence of an independent contractor causing injury where the activity is not inherently dangerous because there is no duty to anticipate the absence of routine precautions of a kind that a careful contractor would be expected to take.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.